

**Seyfarth Shaw LLP**
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
**T** (312) 460-5000
**F** (312) 460-7000

mgagnon@seyfarth.com
T (312) 460-5237

www.seyfarth.com

October 13, 2023

**VIA ECF**

Hon. Cathy Seibel
United States District Judge
300 Quarropas St.
White Plains, NY 10601-4150

*Re: Graham v. Vassar College, Case No. 23-cv-7692 (S.D.N.Y.)*

Dear Judge Seibel:

We represent Defendant Vassar College ("Vassar") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rules, Vassar hereby respectfully requests a pre-motion conference in connection with its anticipated motion to dismiss portions of Plaintiffs' Class Action Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs' claims under the New York Equal Pay Law ("NY EPL") must be dismissed because the Complaint (i) does not identify comparators, and (ii) relies upon an impermissible failure-to-promote theory not cognizable under the NY EPL. Plaintiffs' disparate impact claims under both Title VII and the New York State Human Rights Law ("NYSHRL") must be dismissed because they fail to allege a facially neutral employment practice that caused the alleged disparate impact. Vassar further respectfully requests that its time to respond to the Complaint be stayed from October 13, 2023, until the Court sets a schedule for briefing of the anticipated motion, in accordance with Your Honor's Individual Practice Rule 2(A).

**I. Plaintiffs' NY EPL Claims Must Be Dismissed Because Plaintiffs Failed To Identify Any Specific Comparators**

Plaintiffs' NY EPL claim must be dismissed because Plaintiffs do not identify any specific comparators. Under the NY EPL, "[t]o plead prohibited discrimination, plaintiffs typically identify a comparator, or a higher-paid colleague of the opposite gender." *Mozzaz v. MetLife, Inc.*, No. 19-cv-10531 (JPO), 2021 WL 827648, at *4 (S.D.N.Y. Mar. 4, 2021). Courts have recognized that a NY EPL claim must be dismissed at the pleadings stage if the plaintiffs fail to identify specific comparators. *Faughan v. Nassau Health Care Corp.*, No. 2:19-cv-03171 (RJD)(RLM), 2021 WL 1566138, at *9 (E.D.N.Y. Mar. 18, 2021) (dismissing NY EPL claims where plaintiff failed to sufficiently identify comparators); *Durand v. Excelsior Care Grp., LLC*, No. 19-cv-2810 (KAM)(SJB), 2020 WL 7246437, at *4 (E.D.N.Y. Dec. 9, 2020) ("Reliance on 'broad generalizations drawn from job titles, classifications, or divisions,' are routinely rejected when reviewing Equal Pay Act claims on a motion to dismiss") (quoting *Stern v. State Univ. of*





*N.Y.*, No. 16-cv-5588 (NGG)(LB), 2018 WL 4863588, at *9 (E.D.N.Y. Sept. 30, 2018)); *Suzuki v. State Univ. of N.Y. Coll. at Old Westbury*, No. 08-cv-4569 (TCP), 2013 WL 2898135, at *4 (E.D.N.Y. June 13, 2013) (dismissing Equal Pay Act claims where complaint "contains no factual allegations about plaintiff's or her comparator's positions").

Plaintiffs' NY EPL claims rely entirely upon a single conclusory allegation alleging that "female full professors at Vassar perform comparable work to that of male full professors." (Compl. ¶ 19.) Then, rather than identify any specific comparators, they allege that female professors (i) generally teach classes that have higher student enrollment, (ii) bring in "the largest" external grants, and (iii) serve on uncompensated committees in greater numbers than men. (*Id.* ¶ 44.) Plaintiffs' reliance on conclusory allegations and job titles, along with allegations about aggregated statistics pertaining to nameless classes of individuals, does not meet the pleading standard under the NY EPL. *See E.E.O.C. v. Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 255–56 (2d Cir. 2014) ("[A]ccepting such a sweeping generalization as adequate to state a claim under the EPA might permit lawsuits against any law firm—or, conceivably, any type of employer—that does not employ a lockstep pay model."). Nor does it give fair notice of the nature of Plaintiffs' claims and would, in effect, force Vassar to defend each Plaintiffs' pay vis-à-vis each and every male full professor at Vassar. In order to state a claim under the NY EPL, Plaintiffs must identify specific comparators, including the work that they perform, and their failure to do so warrants dismissal of their NY EPL claim.

## II. Plaintiffs' NY EPL Claim Should Also Be Dismissed Because It Relies Upon A Non-Cognizable Failure-To-Promote Theory

Additionally, Plaintiffs' NY EPL claim must be dismissed because it relies upon a non-cognizable failure-to-promote theory. Discriminatory promotion claims are beyond the scope of the NY EPL, which focuses only on the issue of unequal pay. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 130 (7th Cir. 1989) (failure-to-promote claim beyond federal EPA's scope); *see also Todaro v. Siegel Fenchel & Peddy, P.C.*, No. 04-cv-2939 (JS)(WDW), 2009 WL 3150408, at *7 (E.D.N.Y. Sept. 25, 2009) (EPA's scope is "significantly narrower than Title VII's" and does not encompass failure to promote claims). Thus, a plaintiff cannot allege a NY EPL claim by relying upon allegations that they should have been promoted sooner, and were therefore paid less than members of the opposite gender who spent more time in that promoted position. *Tompkins v. Allied Barton Sec. Servs.*, No. 09-cv-1954(RMB)(JLC), 2010 WL 3582627, at *11-12 (S.D.N.Y. Aug. 2, 2010) (rejecting EPA claim where complaint centered on fact that plaintiff was not promoted to and paid at higher level); *see also Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 471 (acknowledging in a case involving federal and NY EPL claims that "the EPA does not afford a remedy for denial of promotions, or 'titles'").

Here, the lynchpin of Plaintiffs' NY EPL claim is their allegation that they believe Vassar does not fairly evaluate, and thus timely promote, female faculty members. (Compl. ¶¶ 34–40 ("Vassar Systematically Delays Promotion of Female Faculty"); 41–46 ("Vassar Unfairly Evaluates Female Faculty")). Specifically, they claim that Vassar "delays women in receiving the full professor title they have earned" and that "Vassar's merit rating system is biased against women, [and] Vassar continues to rely on merit ratings to make compensation and promotion decisions." (*Id.* ¶¶ 40, 46.) Plaintiffs' underlying theory of the case, therefore, is that the criteria that Vassar uses in its promotion process is biased against women and results in a discriminatory





failure to promote Plaintiffs. Their claim is precisely that which this Court has historically rejected as failing to meet the standard for an equal pay claim—a failure-to-promote claim masquerading as an EPA claim. *Tompkins*, 2010 WL 3582627, at *11-12.

**III. Plaintiffs' Title VII and NYSHRL Disparate Impact Claims Must Be Dismissed Because They Do Not Allege A Neutral Employment Policy**

Finally, Plaintiffs' Second and Fifth Causes of Action, alleging disparate impact claims based upon Title VII and NYSHRL, must be dismissed because the Complaint fails to identify a neutral employment policy that has a discriminatorily adverse impact. "'Disparate impact' . . . results from the use of 'employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on [a protected group] and cannot be justified by business necessity.'" *Geller v. Markham*, 635 F.2d 1027, 1031 (2d Cir. 1980). Thus, disparate impact theory requires a plaintiff to "identify a specific employment practice having an adverse impact upon members of the protected class, and then show causation[.]" *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 115 (2d Cir. 1992). A plaintiff cannot rely upon allegations of intentional discrimination to establish a disparate impact cause of action.

The Complaint alleges that "Vassar's college-wide policies and practices regarding compensating, promoting, and evaluating its faculty, while facially neutral, have had and continue to have a disparate impact on women." (Compl. ¶ 20.) But the only such policies and practices alleged relate to Vassar's merit rating system, e.g.: "Despite the longstanding and clear evidence that Vassar's merit rating system is biased against women, Vassar continues to rely on merit ratings to make compensation and promotion decisions." (*Id.* ¶ 46.) But under that system, according to the Complaint, each "faculty candidate is evaluated on the basis of various materials," as part of a review process, "in which FASC, the Dean, and the President participate," which "culminate[s] with the candidate being assigned a merit rating." (*Id.* ¶¶ 42–43.) These are the hallmarks of a subjective performance evaluation process, not a facially neutral policy that can support a disparate impact theory. *See Renaldi v. Mfrs. & Traders Trust Co.*, 954 F. Supp. 614, 620 (W.D.N.Y. 1997) (holding that allegations of intentionally discriminatory performance reviews are "not the application of a facially neutral policy, but intentional discrimination").

Throughout the Complaint, Plaintiffs assert that Vassar intentionally maintains an allegedly "biased" merit and promotion process that favors men. (*Id.* ¶ 38 ("Vassar has long known that its promotion process favors men."), 45–46.) And in fact, Vassar's merit and promotion process is the exact same basis upon which Plaintiffs base their intentional discrimination claims. (*Id.* ¶¶ 65–69, 81–84.) Because the factual allegations supporting Plaintiffs' disparate treatment claims cannot also support Plaintiffs' disparate impact claims, the Second and Fifth Causes of Action should be dismissed. *See Maresco*, 946 F.2d at 115–16 (affirming grant of summary judgment on disparate impact claim where "[t]he facially neutral employment practice that Plaintiff invokes as the premise for disparate impact liability coalesces with the discharge which he claims to have constituted disparate treatment").

For the foregoing reasons, Vassar respectfully requests a conference on its proposed motion to dismiss.





Respectfully submitted,

SEYFARTH SHAW LLP

Matthew Gagnon

MG

cc: Counsel of Record (via ECF)