

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008
www.lieffcabraser.com

611 Mission Street, Fl. 4
San Francisco, CA  94105
Phone: 415.621.0672
www.EqualRights.org

**VIA ECF**                                   November 20, 2023

The Honorable Cathy Seibel
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      RE:    *Graham et al. v. Vassar College*, No. 23-cv-7692 (S.D.N.Y.)

Dear Judge Seibel:

      We represent Plaintiffs in this matter, and write in response to the pre-motion conference letter submitted by Defendant Vassar College ("Vassar"). ECF No. 19 ("Ltr."). Vassar seeks permission to file a motion to dismiss portions of Plaintiffs' complaint, and specifically Plaintiffs' New York Equal Pay Law ("NY EPL") claim (the third cause of action) and disparate impact claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL") (the second and fifth causes of action). Ltr. at 1.[1]

      Remarkably, the very first case Vassar cites is one in which the court *denied* the employers' motion to dismiss a claim under the *federal* equal pay law because the "Defendants' interpretation of the Equal Pay Act would do violence to the text and purpose of the statute." *Moazzaz v. MetLife, Inc.*, No. 19-cv-10531 (JPO), 2021 WL 827648, at *7 (S.D.N.Y. Mar. 4, 2021). Yet Vassar seeks to do precisely that, under the even more expansive protections afforded by New York law. As set forth below, Vassar identifies no basis in law or fact to warrant dismissal of any of Plaintiffs' claims before discovery has even begun.

      **I.**    **Plaintiffs Sufficiently Plead a NY EPL Claim**

      Vassar suggests—without ever explicitly asserting—that to state a class claim under the NY EPL, a plaintiff must identify *in the complaint* a comparator for *every single member* of the class she seeks to represent. Ltr. § I. Vassar is wrong. The College's mistaken understanding of the NY EPL may stem from the fact that none of the authorities it cites actually analyze that law. Under the correct legal standards, Plaintiffs sufficiently plead their NY EPL claim.

      *First*, not one of Vassar's six cases actually analyzes the NY EPL. Three of the six do not involve the law at all, but consider only the more "demanding" federal "equal work inquiry." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 255 (2d Cir. 2014).[2] In the remaining three, the court likewise analyzed only the EPA, while incorrectly suggesting that a NY EPL claim can be analyzed under the federal EPA standard. In *Moazzaz*, for example, the court described what "[t]he federal Equal Pay Act prohibits," and then stated that the "standards for pay discrimination under the New York Equal Pay Act mirror those for the federal Equal Pay

---

[1] Vassar does not seek to dismiss the intentional discrimination claims under Title VII and the NYSHRL.
[2] *See also Stern v. State Univ. of N.Y.*, No. 16-cv-5588 (NGG)(LB), 2018 WL 4863588, at *8-9 (E.D.N.Y. Sept. 30, 2018) (same); *Suzuki v. State Univ. of N.Y. Coll. at Old Westbury*, No. 08-cv-4569 (TCP), 2013 WL 2898135, at *3-4 (E.D.N.Y. June 13, 2013) (same).

Hon. Cathy Seibel
November 20, 2023
Page 2

Act." 2021 WL 827648, at *4. But the case the *Moazzaz* court cited for the latter proposition is from 2001, meaning it predated relevant amendments to the NY EPL by 18 years. *Id.*[3]

To be clear: the NY EPL is not the federal EPA, and NY EPL claims cannot be evaluated under the federal standard. When it took effect on October 8, 2019, the NY EPL "expand[ed] the definition of 'equal pay for equal work'" above the EPA standard, by "prohibit[ing] unequal pay on the basis of a protected class for *all substantially similar work*."[4] At the time, then-Governor Cuomo "called on businesses in New York to conduct internal reviews of their pay policies and make adjustments as necessary in accordance with the *new law*."[5] For this reason, just last month the Second Circuit held that a judge of the Southern District erred in evaluating federal EPA and NY EPL claims "under the same standard," and reversed the court's grant of summary judgment under the NY EPL. *Eisenhauer v. Culinary Inst. of Am.*, 84 F.4th 507, 525-26 (2d Cir. 2023). Vassar's federal EPA authorities therefore carry no weight here, nor will any case in which the court does not properly embrace the enhanced protections New York adopted in 2019.

*Second*, none of the cases Vassar cites concerns a class claim under the NY EPL. Three of the six—*Moazzaz*, *Faughnan*, and *Stern*—involve individual claims. The remaining three—*Suzuki*, *E.E.O.C.*, and *Durand*—concern claims brought under the federal law's opt-in standard, which does not apply here. Indeed, Vassar's own authorities explain this distinction. *See Suzuki*, 2013 WL 2898135, at *5 (noting that "Federal Rule of Civil Procedure 23 is an improper mechanism for bringing a multi plaintiff case under the EPA," because "EPA plaintiffs must expressly opt in to a case by written notice"). Plaintiffs' NY EPL claim, in contrast, is brought pursuant to Rule 23. ECF No. 1 ("Compl.") ¶ 59. By suggesting that every class member identify a male comparator *in the complaint*, however, Vassar "threatens to turn a class suit into an 'opt in' procedure rather than an 'opt out' mechanism, an approach the Supreme Court has squarely rejected." 3 Newberg & Rubenstein on Class Actions § 9:11 (6th ed.).[6]

Here, Plaintiffs allege more than enough to state a class equal pay claim under New York law. The NY EPL requires equal pay for "substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions." N.Y. Lab. Law § 194. Plaintiffs allege "faculty at comparable seniority within the College *do* perform substantially similar work." Compl. ¶ 39 (emphasis in original). Specifically, Plaintiffs allege male and female full professors complete "a standard load of five courses per year, with the sixth course off in compensation for the normal expectation of supervision of theses, independent work, community-engaged learning, participation in programs, and participation in departmental and college committees." *Id*. Plaintiffs allege that satisfaction of this standard load requires performance of "the same job duties." *Id*. In fact, Plaintiffs allege female full professors *exceed* their male counterparts in execution of these job duties, commanding higher student enrollments, larger external grants, and more service on faculty committees. *Id*. ¶ 44. This is sufficient to <u>state a claim</u> under the amended NY EPL. For example, in *Eisenhauer* the Second Circuit reversed summary judgment against the professor-plaintiff where she alleged that, despite

---

[3] *See also Faughnan v. Nassau Health Care Corp.*, No. 2:19-cv-03171 (RJD)(RLM), 2021 WL 1566138, at *7 (E.D.N.Y. Mar. 18, 2021) (same, citing same 2001 case); *Durand v. Excelsior Care Grp., LLC*, No. 19-cv-2810 (KAM)(SJB), 2020 WL 7246437, at *3 (E.D.N.Y. Dec. 9, 2020) (same, citing a 2014 case).
[4] N.Y. Dep't of Labor, *Pay Equity*, https://dol.ny.gov/salary-historypay-equity (emphasis added).
[5] *Id*. (emphasis added).
[6] *See also, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").

"carrying a similar course load," she was paid less than a male counterpart. 84 F.4th at 513.[7]

Because Vassar fails to identify any basis to dismiss Plaintiffs' NY EPL claim, Plaintiffs respectfully submit that Vassar's request to move to dismiss this claim should be denied. *See Phillip v. Univ. of Rochester*, 316 F.3d 291, 293 (2d Cir. 2003) (dismissal is appropriate only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim").[8]

## II. Plaintiffs Sufficiently Plead Disparate Impact Claims

Vassar's attack on Plaintiffs' disparate impact claims is predicated entirely on its claim that Plaintiffs "fail[] to identify a neutral employment policy," and instead "rely upon allegations of intentional discrimination to establish a disparate impact cause of action." Ltr. at 3. This is puzzling because Plaintiffs specifically identify as "facially neutral," the "unvalidated policies and practices to compensate, promote, and evaluate faculty members [that have] had an adverse impact on Plaintiffs and the Class." Compl. ¶¶ 5, 20, 71, 86. In fact, Plaintiffs describe these policies in great detail. *See id.* ¶¶ 35-37 (detailing the steps in the promotion process, the materials considered at each step, and the individuals involved in decision-making); *id*. ¶¶ 42-43 (same, for the merit review process). Vassar is wrong that these policies cannot serve as the basis of a disparate impact claim because they are also intentionally discriminatory and/or involve some level of subjectivity. *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 991 (1988) (noting that "subjective or discretionary employment practices may be analyzed under the disparate impact approach"); *Chen-Oster v. Goldman, Sachs & Co.*, 325 F.R.D. 55, 73-76, 81-82 (S.D.N.Y. 2018) (certifying disparate impact challenges to promotion and evaluation processes).

The practices Plaintiffs identify here are specific, actionable employment practices for the purposes of a disparate impact claim. While Plaintiffs *also* allege Vassar has long been aware that these practices disadvantage women and has intentionally maintained them anyway, Compl. ¶¶ 24-25, 38, 45-46, those allegations underscore Plaintiffs' intentional discrimination claims—which Vassar does not seek to dismiss. Vassar is wrong to suggest that the College's knowing and intentional maintenance of policies that have a disparate impact on women cannot serve as the basis for a separate intentional discrimination claim. *See, e.g.*, *Chen-Oster*, 325 F.R.D. at 77 (certifying both disparate impact and intentional discrimination claims where plaintiffs "provided proof that Defendants were aware of gender disparities and gender bias . . . but did not adjust their policies or practices to account for the discrimination women faced").

Because Vassar fails to identify any basis to dismiss Plaintiffs' disparate impact claims, Plaintiffs respectfully submit that Vassar's request to move to dismiss those claims should also be denied. *Phillip*, 316 F.3d at 293.

---

[7] Vassar's authorities (under the more stringent federal EPA) likewise confirm that whether female and male full professors at Vassar *actually* do similar work is a "fact-intensive analysis [] typically conducted after discovery and treated as 'a question for the jury,'" and that a plaintiff "need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss." *Moazzaz*, 2021 WL 827648, at *6; *see also id.* (denying dismissal where plaintiff alleged "she and her comparators had common duties and reporting lines"); *Suzuki*, 2013 WL 2898135, at *4 (dismissing EPA claim only after plaintiff "had obtained a substantial amount of discovery").

[8] Vassar also argues the NY EPL claim should be dismissed "because it relies upon a non-cognizable failure-to-promote theory" that is "beyond the scope of the NY EPL." Ltr. § II. Not so: under the NY EPL, it is irrelevant *why* Vassar underpays women. *Faughnan*, 2021 WL 1566138, at *7. And though Plaintiffs allege Vassar systematically delays the promotion of women, they challenge that process under Title VII and the NYSHRL—not the NY EPL. This entire section of Vassar's letter is thus misplaced.

Hon. Cathy Seibel
November 20, 2023
Page 4

                                                                 Respectfully submitted,

| Kelly M. Dermody | Jessica Stender |
|---|---|
| Lieff Cabraser Heimann & Bernstein, LLP | Equal Rights Advocates |