

Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
T (312) 460-5000
F (312) 460-7000

colson@seyfarth.com
T (312) 460-5831

www.seyfarth.com

January 2, 2024

**VIA ECF**

Hon. Cathy Seibel
United States District Judge
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Graham v. Vassar College*, Case No. 23-cv-7692 (S.D.N.Y.)

Dear Judge Seibel:

We represent Defendant Vassar College ("Vassar") in the above-referenced matter. At the November 27, 2023 pre-motion conference, the Court gave Plaintiffs until December 19, 2023 to file an amended complaint; the Court permitted Vassar until January 12, 2024 to file a motion to dismiss the operative complaint, based on its original October 13, 2023 pre-motion letter (ECF No. 19), as well as on any other bases (directing Vassar to submit a pre-motion letter on any new bases it wished to include in its motion to dismiss).

Plaintiffs filed their First Amended Class Action Complaint on December 19, 2023 (ECF No. 34, the "FAC"), but did not cure the deficiencies in their Complaint. Vassar, therefore, intends to move to dismiss the FAC. Moreover, because Vassar expects that its motion will include arguments not included in its October 13, 2023 pre-motion letter, it is filing this supplemental letter. Vassar intends to file its motion to dismiss on January 12, 2023 based on the arguments contained in this letter and its October 13, 2023 letter. Vassar's arguments are set out below.

### I.   Plaintiffs Did Not Cure The Deficiencies In Their Complaint By Identifying Comparators That Perform Substantially Similar Work

Plaintiffs' FAC does not cure the original Complaint's deficiencies. On a motion to dismiss the Court should consider whether Plaintiffs' factual allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If not, the Court should dismiss the complaint. *See id.* Here, to state a claim under the New York Equal Pay Law, Plaintiffs must allege facts that show that they performed substantially similar work to their chosen male comparators. *See Faughan v. Nassau Health Care Corp.*, 2021 WL 1566138, at *17 (E.D.N.Y. Mar. 18, 2021) ("[t]o avoid dismissal, plaintiff's complaint 'must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job content was 'substantially equal.'"). The inquiry is two part: Plaintiffs' must not only identify their alleged comparators, but also must allege how the work they perform is substantially similar to Plaintiffs'



work. *Id*. This remains true even after the 2019 Amendments to the NY EPL. As the Second Circuit confirmed in *Eisenhauer*, identification of a comparator of the opposite sex that performs substantially similar work is an indispensable element of the *prima facie* case under the NY EPL. *See Eisenhaur v. Culinary Institute of Am.*, 84 F. 4th 507, 523, n. 83 (2d Cir. Oct. 17, 2023) (acknowledging the identification of comparators as a necessary component of the *prima facie* case under the NY EPL). Plaintiffs' allegations fall short of the mark. They have identified only the names of their alleged comparators without making any allegation as to the substantially similar nature of their comparators' work. *See, e.g., E.E.O.C. v. Port Auth. of N.Y. and N.J.,* 768 F.3d 247, 255–56 (2d Cir. 2014).

## II.   Counts One, Two, Four, And Five Must Be Dismissed Because, Among Other Reasons, Plaintiffs Have Alleged No Specific Harm To Themselves

Counts One, Two, Four, and Five are inadequately pleaded under the applicable federal pleading standard and must be dismissed. Adequate allegations are essential for framing litigation and are underpinned by practical considerations about unleashing the costs of discovery, especially where, as here, Plaintiffs allege purported class claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (rejecting suggestion that "a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process " and observing that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching [summary judgment]").

As an initial matter, Plaintiffs fail to allege any concrete injury of their own caused by Vassar's promotion or evaluation system. While Plaintiffs allege that they were paid less than other male professors, FAC ¶¶ 46–60, nowhere do they allege that they were themselves personally paid less as a result of Vassar's promotion and evaluation system. They allege only in vague and conclusory fashion that female full professors in general are "met with strenuous and undue resistance by their Departmental colleagues" during the promotion process (FAC ¶ 37). It is axiomatic that a plaintiff seeking to pursue a discrimination claim must allege that he or she was injured by the alleged discriminatory employment practice. *Nunez v. Cuomo*, 2012 WL 3241260, at *11 (E.D.N.Y. Aug. 7, 2012) (dismissing disparate impact claims on motion to dismiss premised upon layoffs at a particular site where "[p]laintiffs have failed to allege facts showing they were or will be personally injured by the [layoffs.]"). In the absence of allegations about how they individually were affected by Vassar's promotion and evaluation system, Plaintiffs fail to show that they have been personally injured, and their disparate impact and disparate treatment claims fail under Title VII and New York state law.

Plaintiffs' failure to allege particularized allegations is even more glaring here, where they do not merely rely on conclusory claims, but improperly conflate two distinct theories of recovery – one based upon intentional discrimination (disparate treatment), and another based upon the alleged unintentional discriminatory impact of a facially-neutral policy (disparate impact). *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003); *see Sternkopf v. White Plains Hosp.*, Case No. No. 14-cv-4076 (CS), 2015 WL 5692183, at *9, n. 14 (S.D.N.Y. Sept. 25, 2015) (Seibel, J.) ("to succeed on [a disparate treatment] claim, plaintiff must show that 'the protected trait ... *actually motivated* the employer's decision.'") (Emphasis added.) Allegations supporting a



disparate impact theory of recovery cannot support both claims in the absence of allegations that the alleged facially neutral policy was specifically enacted with an intent to discriminate based upon the plaintiffs' protected characteristics. *Gomes v. AvcoCorp.*, 964 F.2d 1330, 1333 (2d Cir. 1992) (absent showing that policy enacted with a discriminatory motive, "the enforcement of a facially neutral rule cannot amount to a continuing practice of intentional discrimination."). Plaintiffs have not done so. For that reason, Plaintiffs' disparate treatment claims fail. And, as explained in Vassar's October 13 letter, the reverse result is true here for Plaintiffs' disparate impact claims under Title VII and New York State's Human Rights Law.

### III. Counts I and II Must Be Dismissed Because No Plaintiff Plead They Filed an EEOC Charge and Were Issued a Notice of Right to Sue Within 90 Days of Filing Their Complaint

Before filing a lawsuit under Title VII, a plaintiff must first file a charge with, <u>and</u> receive a Notice of Right to Sue from, the EEOC. *Fort Bend County, Texas v. Davis,* 139 S. Ct. 1843, 1846-1847 (2019) (Title VII's requirement that a plaintiff presents their claim to the EEOC before filing suit is a mandatory claim-processing rule). Within 90 days of receiving a Notice of Right to Sue, a plaintiff may commence a civil action. *Id.* These administrative prerequisites to filing a Title VII claim are "essential element[s] of Title VII's statutory scheme, and …[are] meant to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *DD v. Lincoln Hall*, No. 09-cv-860 CS/LMS, 09-cv-861(CS)(LMS), 2010 WL 695027 (S.D.N.Y. Feb. 19, 2010) (Seibel, J.). Nowhere in the FAC does any Plaintiff assert that she has met the two elements of Title VII's mandatory claim-processing rule. To the extent Plaintiffs attempt to excuse this failure by alluding to any supposed futility of exhausting the administrative process, they must do so explicitly, which they have not done, which is yet another separate reason to dismiss Counts I and II.

And, even for those Plaintiffs who met one of the two requirements by filing a charge (though they did not plead so in the FAC), their charge suffers from the same fatal deficiencies as their underlying claims: Namely, they are devoid of any specific facts supporting their sweeping and conclusory claims. For the foregoing reasons, Vassar intends to move to dismiss Counts I and II.

Respectfully submitted,

SEYFARTH SHAW LLP

Camille A. Olson

cc: Counsel of Record (via ECF)