UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
WENDY GRAHAM, MARIA HOHN, MIA MASK, CINDY SCHWARZ and DEBRA ZEIFMAN, on behalf of themselves and all others similarly situated,

          Plaintiffs,

  -against-

VASSAR COLLEGE,

          Defendant.

---------------------------------------------------------- X

Civil Action No. 23-CV-7692

**DEFENDANT VASSAR COLLEGE'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. THE COURT MAY DISMISS COMPLAINTS AT THE PLEADING STAGE, ESPECIALLY WHERE NECESSARY TO POLICE COSTLY AND EXPANSIVE PURPORTED CLASS ACTIONS ........................................................................................ 2

III. PLAINTIFFS' MUST ALLEGE FACTS DEMONSTRATING THAT THEIR ALLEGED COMPARATORS PERFORMED SUBSTANTIALLY EQUAL WORK AS COMPARED TO THE WORK THEY PERFORMED ........................................................ 4

    A. Plaintiffs Fail To Allege Beyond Mere Legal Conclusions and Generalizations that the Alleged Comparators Perform Substantially Similar Work As Compared To The Work They Perform ........................................................................................ 4

    B. The Amendments to the NY EPL Do Not Relieve Plaintiffs' Burden to Sufficiently Plead Comparators ............................................................................. 10

IV. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Bank v. City of Menasha*,
   627 F.3d 261 (7th Cir.2010) ................................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................2, 3, 5, 10

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983).................................................................................................................2

*Becker v. Gannett Satellite Information Network, Inc.*,
   10 Fed. App'x. 135 (4th Cir. 2001) ........................................................................................7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007)....................................................................................................2, 3, 9

*Carey v. Foley & Lardner*,
   577 Fed. App'x 573  (6th Cir. 2014) .....................................................................................7

*DM Research, Inc. v. Coll. of. Am. Pathologists*,
   170 F.3d 53 (1st Cir. 1999).............................................................................................2, 10

*Durand v. Excelsior Care Grp., LLC*,
   2020 WL 7246437 (E.D.N.Y. Dec. 9, 2020) ........................................................................11

*EEOC v. Port Auth. of New York & New Jersey*,
   768 F.3d 247 (2d Cir. 2014)............................................................................................6, 7, 8

*Eisenhauer v. Culinary Institute of Am.*,
   84 F.4th 507 (2d Cir. 2023) ...............................................................................................7, 11

*Eng v. City of New York*,
   2017 WL 1287569 (S.D.N.Y. Mar. 29, 2017) .......................................................................6

*Faughan v. Nassau Health Care Corp.*,
   2021 WL 1566138 (E.D.N.Y. Mar. 18, 2021)...............................................................4, 6, 11

*Forsberg v. Pacific Northwest Bell Telephone Co.*,
   840 F.2d 1409 (9th Cir. 1988) ................................................................................................7

*Hendricks v. JPMorgan Chase Bank, N.A.*,
   2008 WL 519819 (D. Conn. Nov. 21, 2008) .........................................................................4

*Kassman v. KPMG LLP*,
    2020 WL 4003367 (S.D.N.Y. July 15, 2020) ...........................................................................7

*Khwaja v. Jobs to Move Am.*,
    2021 WL 4927140 (S.D.N.Y. Mar. 26, 2021) ..........................................................................6

*Lichtenstein v. Cader*,
    2013 WL 4774717 (S.D.N.Y. Sept. 6, 2013).............................................................................3

*Solomon v. Fordham Univ.*,
    2020 WL 1272617 (S.D.N.Y. Mar. 17, 2020) ..........................................................................6

*Spencer v. Virginia State Univ.*,
    919 F.3d 199 (4th Cir. Mar. 18, 2019)...................................................................................6, 8

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement
    Plan v. Morgan Stanley Inv. Management, Inc.*,
    712 F.3d 705 (2d Cir. 2013)...................................................................................................10

*Stern v. State Univ. of N.Y.*,
    No. 16-cv-5588 (NGG)(LB), 2018 WL 4863588 (E.D.N.Y. Sept. 30, 2018) .........................11

*Suzuki v. State Univ. of N.Y. Coll. at Old Westbury*,
    No. 08-cv-4569 (TCP), 2013 WL 2898135 (E.D.N.Y. June 13, 2013) ..................................11

*Werst v. Sarar USA Inc.*,
    2018 WL 1399343 (S.D.N.Y. Mar. 16, 2018) ..........................................................................6

*Wheatley v. Wicomico Cnty.*,
    390 F.3d 328 (4th Cir. 2004) ...................................................................................................7

**Statutes**

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ...........................................1

Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq.* ................................................................6, 8, 11

New York Equal Pay Law, N.Y. Labor Law § 194............................................................. *passim*

New York State Human Rights Law, N.Y. Labor Law § 290 *et seq.* .............................................1

**Other Authorities**

Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635, 638 (1989)................................................2

Federal Rules of Civil Procedure Rule 8 ........................................................................................2

iii

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiffs are five female full professors who purport to bring a multi-count, class action lawsuit against Vassar College ("Vassar"), asserting claims under the New York Equal Pay Law ("NY EPL"), the New York State Human Rights Law and Title VII of the Civil Rights Act of 1964 for pay discrimination [Dkt. 39, Plaintiffs' Second Amended Complaint (the "Complaint")]. Pursuant to the Court's pre-motion process, Vassar previously identified multiple deficiencies with Plaintiffs' pleadings. In response, Plaintiffs have twice amended their complaint in an effort to address those defects. Notwithstanding Plaintiffs' attempts, they have not fully done so as concerns the NY EPL claim. Therefore, for the reasons set forth below, Vassar respectfully moves the Court to dismiss the NY EPL claims alleged in Plaintiffs' Second Amended Complaint.

Plaintiffs' Equal Pay Law claim fails to allege the most fundamental elements of their claim. Specifically, they have failed to allege beyond mere conclusions and broad generalizations that male professors perform substantially similar work as compared to the work they perform. Rather than provide alleged facts as to any actual work performed, Plaintiffs merely rely on legal conclusions and broad generalizations without more to contend that all professors across Vassar's 30 departments, 3 interdepartmental programs and 14 multidisciplinary programs perform substantially the same work. From such disparate specialties such as art, biochemistry, computer science, dance, history, mathematics and statistics, and urban studies, Plaintiffs attempt to sweep together all professors into one monolithic group, without regard to the critical differences in the work they actually perform within their unique specialties. Plaintiffs' "all-professors-are-interchangeable-widgets" approach is plainly inadequate, and in fact Courts have rejected such conclusory pleadings and generalizations. As a result, Plaintiffs' NY EPL claim must be dismissed.

1

## II. THE COURT MAY DISMISS COMPLAINTS AT THE PLEADING STAGE, ESPECIALLY WHERE NECESSARY TO POLICE COSTLY AND EXPANSIVE PURPORTED CLASS ACTIONS

Under long-accepted pleading standards, Plaintiffs have failed to properly plead claims under the New York Equal Pay Law because they do not allege sufficient facts giving rise to a plausible entitlement to relief. Put simply, Rule 8 of the Federal Rules of Civil Procedure requires more than parroting "labels and conclusions" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

As explained by the Supreme Court, the rationale for demanding sufficient pleadings at a case's inception is basic: Before a defendant is forced to undertake the considerable burden and expense of defending in a lawsuit, particularly in large and ill-defined class actions, the plaintiff must provide a necessary factual predicate to support his or her allegations. As the Court explained:

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side. *See, e.g., Easterbrook, Discovery as Abuse*, 69 B.U.L.Rev. 635, 638 (1989) ("Judges can do little about impositional discovery when parties control the legal claims to be presented and conduct the discovery themselves"). And it is self-evident that the problem of discovery abuse cannot be solved by "careful scrutiny of evidence at the summary judgment stage," much less "lucid instructions to juries"; the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings. Probably, then, it is only by taking care to require allegations that reach the level suggesting [the factual predicate] that we can hope to avoid the potentially enormous expense of discovery . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 559 (2007) (citations omitted); *accord Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983) ("Certainly in a case of this magnitude, a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); *DM Research, Inc. v. Coll. of. Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (affirming motion to dismiss; "[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate

2

concrete enough to warrant further proceedings, which may be costly and burdensome.") (emphasis in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court," using its "judicial experience and common sense," "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678-79. The complaint must contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must contain sufficient facts to "nudge[] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

To that end, *Iqbal* establishes a two-step inquiry to determine whether a complaint meets the requisite pleading standard. First, the court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, the court should consider whether any factual allegations that remain "plausibly give rise to an entitlement to relief." *Id*. If they do not, the court should dismiss the complaint for failure to state a claim. *See id*. In assessing the complaint, the Court may consider certain matters outside the pleadings themselves, such as "items subject to judicial notice and matters of public record without converting a motion to dismiss into one for summary judgment." *Lichtenstein v. Cader*, 2013 WL 4774717, at *2 (S.D.N.Y. Sept. 6, 2013).

The need for careful scrutiny of the pleadings is especially acute when the plaintiff alleges class claims. Plaintiffs' purported class claims are subject to the same pleadings standards as non-

3

class claims. *Hendricks v. JPMorgan Chase Bank, N.A.*, 2008 WL 519819, at *2 (D. Conn. Nov. 21, 2008) ("Class action claims, like other claims, may be dismissed based upon the pleadings and before any discovery has taken place, but only if it is clear that the motion to dismiss standard has been met."). Because such claims threaten to impose dramatic costs of class-wide discovery, courts' careful examination of class claims is even more critical. Here, Plaintiffs have not met the federal pleading standard as to any of their claims, including those alleged on a class-wide basis.

### III. PLAINTIFFS' MUST ALLEGE FACTS DEMONSTRATING THAT THEIR ALLEGED COMPARATORS PERFORMED SUBSTANTIALLY EQUAL WORK AS COMPARED TO THE WORK THEY PERFORMED

#### A. Plaintiffs Fail To Allege Beyond Mere Legal Conclusions and Generalizations that the Alleged Comparators Perform Substantially Similar Work As Compared To The Work They Perform

Plaintiffs' NY EPL claim must be dismissed because they do not allege facts giving rise to a plausible inference that there exist male comparators who are paid more for performing substantially similar work as compared to the work they perform. The NY EPL addresses unequal pay between employees who are members of different protected classes where those employees perform substantially similar work. N.Y. Labor Law § 194. To prevail on a claim under the New York Equal Pay Law, a plaintiff must satisfy a two-part inquiry. First, in the context of a claim premised upon gender, a plaintiff must identify an employee of the opposite gender who is paid more than the plaintiff. Second, the plaintiff must demonstrate that they performed substantially equal work as compared to the alleged comparable employee. *Faughan v. Nassau Health Care Corp.*, 2021 WL 1566138, at *17 (E.D.N.Y. Mar. 18, 2021) ("[t]o avoid dismissal, plaintiff's complaint 'must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job *content* was 'substantially equal.'") (emphasis in original). Plaintiffs have not done so here.

In their Second Amended Complaint, Plaintiffs merely identify male professors from across Vassar's nearly 50 separate departments and programs without describing in any meaningful detail the work these male professors actually perform. Plaintiffs only allege a conclusion: namely, that "[d]espite [their] distinguished record[s,] Vassar has over the years compensated all of the following men more than [Plaintiffs] for substantially similar work, in violation of the law…" Compl. ¶¶ 48, 51, 54, 57, 60. That does no more than allege a violation of the law and so is inadequate to state a claim. *Iqbal*, 556 U.S. at 677-78. Plaintiffs further allege that "faculty at comparable seniority within the College perform substantially similar work" because they are expected to engage in "teaching, scholarship and service in the Vassar community" and the "official college-wide course load is the equivalent of six units of instruction a year," but this gross oversimplification and broad generalization omits any details about the actual work performed by their so-called comparators. In essence, Plaintiffs allege all professors, from associate to full, and without regard to which of the nearly 50 departments or programs they are in, are substantially similar because they engage in teaching or scholarly activities. Their allegations treat as one an associate professor of athletics and physical education and a full professor of computer science or that a full professor in dance is the same as an associate professor in French and Francophone studies. Yet, from Plaintiffs' threadbare allegations, the Court cannot identify a single task that these individuals perform for purposes of analyzing whether the allegations give rise to a reasonable inference that they perform substantially similar work under the NY EPL.

Plaintiffs' allegations plainly fall short of what is required to state a claim. This Court has recognized that a plaintiff must not only identify the individuals who are her alleged comparators, but must also allege a sufficient factual basis to support her claim that the work performed by those

5

comparators was substantially equal to that which she performed. *See, e.g.*, *Faughnan*, 2021 WL 1566138, at *7–*9; *Khwaja v. Jobs to Move Am.*, 2021 WL 4927140, at *4–*5 (S.D.N.Y. Mar. 26, 2021) (recognizing on a motion to dismiss in the context of a NY EPL and federal Equal Pay Act claim that "a successful EPA claim depends on the comparison of actual job content; broad generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of sex discrimination, cannot suffice."); *Werst v. Sarar USA Inc.*, 2018 WL 1399343, at *8–*9 (S.D.N.Y. Mar. 16, 2018) (concluding on motion to dismiss federal Equal Pay Act claim that claim must be dismissed "Plaintiffs fail to set forth any facts to show how [Plaintiff] was similarly situated to her male comparators…Plaintiffs solely state that '[t]he work performed by [Plaintiff] was equal to the work performed by the Similarly Situated Males, and such work required equal skill, effort, and responsibility to perform same.'"); *Eng v. City of New York*, 2017 WL 1287569, at *4 (S.D.N.Y. Mar. 29, 2017) (dismissing federal Equal Pay Act claim where "Plaintiff provides no factual allegations that would allow the Court to compare her job duties, skills and experience with those of the comparators"); *Solomon v. Fordham Univ.*, 2020 WL 1272617, at *13 (S.D.N.Y. Mar. 17, 2020) (dismissing federal equal pay claims where plaintiff alleged she and other professors "perform the same Professor job").

To the extent that they rely upon two job titles—associate professor and full professor—coupled with their allegations that they perform the same work, Compl. ¶ 40, Plaintiffs' allegations still fail to state a claim. The law is clear that allegations of shared job titles do not satisfy the requirement to plead substantially equal work. *See EEOC v. Port Auth. of New York & New Jersey*, 768 F.3d 247 (2d Cir. 2014) (affirming dismissal of complaint because "broad generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of sex discrimination, cannot suffice [at the pleadings stage.]"); *Spencer v. Virginia State Univ.*, 919 F.3d 199, 204–05


(4th Cir. Mar. 18, 2019) (affirming lower court granting summary judgment for university on female professor's claim under EPA because she failed to show that two male professors that were paid more were appropriate comparators); *Becker v. Gannett Satellite Information Network, Inc.*, 10 Fed. App'x. 135, 139 (4th Cir. 2001) (despite shared titles, Olympic sports reporters' responsibilities "quite different" from one another where they covered different aspects of games, had different levels of output, and one wrote columns while other did not); *Carey v. Foley & Lardner*, 577 Fed. App'x 573, 579-80 (6th Cir. 2014). (Because the comparison focuses on the duties and responsibilities of the jobs under comparison, two jobs that bear the same title do not necessarily require "equal work."); *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1416 (9th Cir. 1988) (determining that employer had not violated EPA even though two jobs at issue both "performed the same function for the company" because tasks and underlying skills to do so "were entirely dissimilar"). *Wheatley v. Wicomico Cnty.*, 390 F.3d 328, 332 (4th Cir. 2004) ("We decline to accept the argument ... that employees with the same titles and only the most general similar responsibilities must be considered 'equal' under the EPA."); *Kassman v. KPMG LLP*, 2020 WL 4003367, at *9 (S.D.N.Y. July 15, 2020).[1] Courts have recognized this proposition because the fundamental inquiry that underpins the concept of equal pay for substantially similar work is that the *job content* is substantially similar – not the titles bestowed upon the employees. *EEOC v. Port Auth. Of New York and New Jersey*, 768 F.3d 247 ("a successful EPA claim depends on the comparison of actual job content; broad generalizations

---

[1] Plaintiffs may attempt to distinguish federal EPA authority based upon the Second Circuit's recent holding in *Eisenhauer*. Plaintiffs misunderstand the holding of *Eisenhauer*. The *Eisenhauer* Court analyzed whether the district court erred by evaluating the "factor other than sex" defense set forth in the NY EPL under the same standard as the federal EPA. *Eisenhauer v. Culinary Institute of Am.*, 84 F.4th 507, 524–525 (2d Cir. 2023). The *Eisenhauer* Court's focus was not upon whether the NY EPL and federal EPA could be evaluated under the same or similar standards with respect to whether a plaintiff has adequately alleged a comparator.

drawn from job titles, classifications, or divisions, and conclusory assertions of sex discrimination, cannot suffice. ").

Other than broadly alleging that all associate and full professors perform substantially the same work, Plaintiffs allege only that all professors are expected to engage in teaching, scholarship, and service to the school. Compl. At ¶ 40. These are precisely the types of allegations that the Second Circuit rejected in *EEOC v. Port Authority*. There, the Court explained that allegations that "all lawyers perform the same or similar function(s)" and "most legal jobs involve the same 'skill'" were inadequate allegations to state a claim under the federal Equal Pay Act because they were "sweeping generalizations" that would not raise the allegations that two groups of employees performed substantially equal work above a speculative level, as required by the federal pleading standard.

The Fourth Circuit's decision in *Spencer v. Virginia State Univ.* is consistent with *EEOC v. Port Authority* and also instructive here in an academic setting, even though it arose under the federal equal pay law. In *Spencer,* the court rejected the premise that all professors performed equal work simply because they, among other things, taught and prepared for classes, explaining. "professors are not interchangeable like widgets" *Id.* at 204. The court reasoned that faculty salary decisions require a "a complex balancing of factors," including accounting for "the differences in skill and responsibility attendant to different jobs." *Id.* Just as in *Spencer* and *EEOC v. Port Authority,* Plaintiffs must allege more than just that professors perform substantially similar work because they all teach, create scholarship, and perform service to the school – they must provide some basis for the Court to conclude that their job content is substantially similar. They have not done so here, and their NY EPL claim must be dismissed.

It is not enough for Plaintiffs to argue that such evidence will be forthcoming during the discovery phase of litigation. In fact, Plaintiffs' responses to Defendant's interrogatories make clear that they do not have *any* further basis for their claims beyond what is alleged in the Complaint. When asked to simply identify the individuals who they allege were more highly compensated for performing substantially similar work by name, title, department and compensation, Plaintiffs demurred, referred Vassar back to their Complaint and refused to provide further information until they could embark on a fishing expedition for evidence to substantiate their allegations. Decl. of Maria Papasevastos, Ex. 1, Plaintiff's Interrogatory Responses at Resp. No. 5 ("Plaintiff [] objects…that answering [this Interrogatory] at this time, prior to receiving meaningful discovery, would not be a productive means of clarifying or narrowing the issues or contentions of the parties."). Plaintiffs repeat the same objections throughout their interrogatories, effectively conceding that further evidence to support their claims will *not* be forthcoming during discovery.[2]

The Supreme Court, moreover, has rejected the rationale that Plaintiffs should be permitted to defer substantiating their claims until they have taken discovery, explaining that "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management[.]'" *Twombly*, 550 U.S. at

---

[2] Plaintiffs should not need more time to investigate their claims, as, according to their second amended complaint, they and other female professors have been gathering information to address the alleged issue of unequal pay for over two decades. *Compare e.g.* Compl. ¶ 4 ("Since at least as early as 2003, and consistently since then, female professors have internally elevated concerns to the Vassar administration about unequal pay within the College's ranks."); ¶ 30 (alleging that in Fall 2020, "another group of female full professors gathered publicly available data, including the Chronicle data") *with* Interrog. at Resp. No. 5 ("answering [this Interrogatory] at this time, prior to receiving meaningful discovery, would not be a productive means of clarifying or narrowing the issues or contentions of the parties."). Yet, despite these alleged efforts, they have not – or refuse to – provide any specific information to substantiate their claims.

9

559–60. The Second Circuit Court of Appeals, among others, has followed the Supreme Court's reasoning, noting the substantial and asymmetric burden discovery imposes upon defendants. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Management, Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (recognizing that *Twombley* and *Iqbal* helps prevent "using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit."); *see also Am. Bank v. City of Menasha,* 627 F.3d 261, 266 (7th Cir.2010) (same); *DM Research, Inc*., 170 F.3d at 55 ("the price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome."). That is particularly true where, as here, Plaintiffs seek to pursue their claims on a class-wide basis and intend to seek wide-ranging discovery regarding a class of employees. As such, Plaintiffs should be required to satisfy their burden of pleading a plausible NY EPL claim – including by alleging the substantially equal work performed by their alleged comparators – before launching headlong into discovery. They have not done so here.

Accordingly, Plaintiffs have not identified any basis for the Court to conclude that the men they identify in their Complaint perform "substantially similar work," and the Complaint must be dismissed.

### B. The Amendments to the NY EPL Do Not Relieve Plaintiffs' Burden to Sufficiently Plead Comparators

The 2019 amendments to the NY EPL did nothing to alleviate the minimal pleading standards that Plaintiffs must meet here. Rather, those amendments simply broadened the definition of equal work under the law to encompass work that is "substantially similar" not just identical. NY Bill Jacket, 2019 S.B. 5248, Ch. 93. The legislature, however, acknowledged that identification of comparators that perform substantially equal work remained a fundamental

10

requirement of the NY EPL. *Id.* ("an employee must demonstrate that their job is substantially equal to the job of their higher-paid colleague."). Thus, the 2019 amendments did not relieve potential plaintiffs of their burden to identify comparators.

Decisions following the 2019 amendments have made clear that the identification of comparators who perform substantially similar work remains a fundamental requirement of a plaintiff's claims under the NY EPL. Indeed, the Second Circuit expressly acknowledged that the identification of a comparator who performs substantially similar work remains an elemental requirement to pursue a claim under NY EPL. *See Eisenhaur*, 84 F. 4th at 524 n. 83 (acknowledging that, to establish a *prima facie* case under the NY EPL, a Plaintiff must identify at least a single male comparator). Nothing about the 2019 amendments altered this fundamental requirement and, since those amendments, courts have repeatedly held that NY EPL plaintiffs must identify comparators and the substantially similar work they perform at the pleading stage. *Faughan v. Nassau Health Care Corp.*, No. 2:19-cv-03171 (RJD)(RLM), 2021 WL 1566138, at *9 (E.D.N.Y. Mar. 18, 2021) (dismissing NY EPL claims where plaintiff failed to sufficiently identify comparators); *Durand v. Excelsior Care Grp., LLC*, No. 19-cv-2810 (KAM)(SJB), 2020 WL 7246437, at *4 (E.D.N.Y. Dec. 9, 2020) ("Reliance on 'broad generalizations drawn from job titles, classifications, or divisions,' are routinely rejected when reviewing Equal Pay Act claims on a motion to dismiss") (quoting *Stern v. State Univ. of N.Y.*, No. 16-cv-5588 (NGG)(LB), 2018 WL 4863588, at *9 (E.D.N.Y. Sept. 30, 2018)); *Suzuki v. State Univ. of N.Y. Coll. at Old Westbury*, No. 08-cv-4569 (TCP), 2013 WL 2898135, at *4 (E.D.N.Y. June 13, 2013) (dismissing Equal Pay Act claims where complaint "contains no factual allegations about plaintiff's or her comparator's positions"). Accordingly, even under the amended statute, Plaintiffs must allege facts to demonstrate that there exist male employees who are more highly compensated than Plaintiffs yet

perform substantially equal work as compared to the work Plaintiffs perform. Plaintiffs have not met the latter part of their burden, and their NY EPL claims must be dismissed.

## IV.  CONCLUSION

Accordingly, the Court should dismiss Plaintiffs' claims for violations of the New York Equal Pay Law.

Dated: Chicago, Illinois
       February 13, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Camille A. Olson*
    Camille A. Olson (admitted *pro hac vice*)
    colson@seyfarth.com
    Richard B. Lapp (admitted *pro hac vice*)
    rlapp@seyfarth.com
    Matthew Gagnon
    mgagnon@seyfarth.com
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois  60606-6448
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

    Maria Papasevastos
    mpapasevastos@seyfarth.com
    620 Eighth Avenue
    32nd Floor
    New York, NY 10018-1405

    John T. Ayers-Mann (admitted *pro hac vice*)
    jayers-mann@seyfarth.com
    2029 Century Park East
    Suite 3500
    Los Angeles, CA 90067-3021

    *Attorneys for Defendant
    Vassar College*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2024, I served the foregoing document upon all counsel of record via e-mail at the below address:

>Anne B. Shaver
>Lieff Cabraser Heimann & Bernstein, LLP
>275 Battery Street, 30th Floor
>San Francisco, CA 94111-3339
>Email: ashaver@lchb.com
>
>Kelly Dermody
>Lieff Cabraser Heimann & Bernstein, LLP
>275 Battery St., 29th fl.
>San Francisco, CA 94111
>Email: kdermody@lchb.com
>
>Michelle Lamy
>Lieff Cabraser Heimann & Bernstein, LLP
>275 Battery Street, 30th Floor
>San Francisco, CA 94111-3339
>Email: mlamy@lchb.com
>
>Rachel Geman
>Lieff Cabraser Heimann & Bernstein, LLP
>250 Hudson Street, 8th Floor
>New York, NY 10013-1413
>Email: rgeman@lchb.com
>
>Jessica Stender
>Equal Rights Advocates
>611 Mission Street, Ste Floor 4
>San Francisco, CA 94105
>Email: jstender@equalrights.org

>>*/s/ Camille A. Olson*
>>Camille A. Olson