# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY GRAHAM, MARIA HÖHN, MIA MASK, CINDY SCHWARZ, and DEBRA ZEIFMAN on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VASSAR COLLEGE, <br><br> Defendant. | No. 7:23-cv-07692 <br><br><br> **PLAINTIFF CINDY SCHWARZ'S OBJECTIONS AND RESPONSES TO DEFENDANT VASSAR COLLEGE'S INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rules") and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Cindy Schwarz ("Plaintiff") hereby objects and responds to the Interrogatories served on December 15, 2023 by Defendant Vassar College ("Defendant").

## PRELIMINARY STATEMENT

All responses to the Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) should additional information become available. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. Plaintiff anticipates that as discovery and trial preparation continue, additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by an Interrogatory. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information provided herein. The

2922721.3

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff further objects that this Interrogatory is an inappropriate and premature contention interrogatory, and that answering it at this time, prior to receiving meaningful discovery, would not be a productive means of clarifying or narrowing the issues or contentions of the parties.  Plaintiff further objects to this Interrogatory because it is overbroad and not sufficiently clear in what information it seeks from Plaintiff.  Plaintiff further objects to this Interrogatory as unduly burdensome in that it seeks identification of documents that are too numerous to name and more readily available to Defendant than to Plaintiff.

**INTERROGATORY NO. 4:**

Identify each person you intend to call as an expert witness in this action, and as to each expert, identify the date retained, the field(s) of expertise, the substance of materials examined by such expert(s) and a summary of the basis for all such facts and opinions.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff further objects to this Interrogatory as premature.  No expert witnesses, documents, or analysis will be provided until the time set forth in the Rules or as otherwise scheduled by the Court.

**INTERROGATORY NO. 5:**

Identify all male professors who you allege perform or performed, as compared to yourself, "substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions," as alleged in the Complaint, including the initial Complaint and any amended Complaint, and for each, identify his name, title, department, and compensation.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff further objects that this Interrogatory is an inappropriate and premature contention interrogatory, and that answering it at this time, prior to receiving meaningful discovery, would not be a productive means of clarifying or narrowing the issues or contentions of the parties. Plaintiff further objects that this Interrogatory is premature because it calls for expert opinion and/or analysis, which is not yet the subject of disclosure or discovery. Plaintiff further objects to this Interrogatory because it is overbroad and not sufficiently clear in what information it seeks from Plaintiff.

Subject to and without waiving any objections, Plaintiff responds as follows: Plaintiff refers Defendant to the individuals identified by name in the Second Amended Complaint in this matter.

**INTERROGATORY NO. 6:**

Identify all "college-wide policies and practices regarding compensation and evaluating [] faculty [that], while facially neutral, have had and continue to have a disparate impact on women," as alleged in the Complaint, including the initial Complaint and any amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving any objections, Plaintiff responds as follows: Vassar's College-wide compensation, promotion, and evaluation policies, while facially neutral, have had a disparate impact on women. Plaintiff refers Defendant to Sections I, II, and III of Plaintiff's Second Amended Complaint, wherein these policies are described.

value that type or item of damage, loss or expense, the specific method by which that amount

was calculated, and the facts which support, relate to, or evidence the type or item of damage,

loss or expense.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff further objects to this Interrogatory as premature.  No expert witnesses,

documents, or analysis will be provided until the time set forth in the Rules or as otherwise

scheduled by the Court.


Dated:  January 30, 2024                 Respectfully submitted,

By:_____*/s/ Michelle A. Lamy*_____

Kelly M. Dermody (*pro hac vice*)
Anne B. Shaver (*pro hac vice*)
Michelle A. Lamy (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Rachel J. Geman
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-9592
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Jessica R. Stender (*pro hac vice*)
EQUAL RIGHTS ADVOCATES
611 Mission Street, 4th Floor
San Francisco, CA 94105
Telephone: (415) 575-2394

*Attorneys for Plaintiffs and the Proposed Class*

2922721.3

## <u>VERIFICATION</u>

I, Cindy Schwarz, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Dated: January 30, 2024

DocuSigned by:

Cindy Schwarz

F47A5FBAC8FD473...

Cindy Schwarz

2922721.3

### CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I served a true and correct copy of the

foregoing document on counsel for Defendant, at the email addresses listed below, as per the

parties' electronic service agreement:

Matthew Gagnon:     mgagnon@seyfarth.com

Camille Olson:      colson@seyfarth.com

Richard Lapp:      rlapp@seyfarth.com

By:    */s/ Michelle A. Lamy*
            Michelle A. Lamy

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY GRAHAM, MARIA HÖHN, MIA MASK, CINDY SCHWARZ, and DEBRA ZEIFMAN on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>VASSAR COLLEGE,<br><br>    Defendant. | No. 7:23-cv-07692<br><br><br>**PLAINTIFF DEBRA ZEIFMAN'S OBJECTIONS AND RESPONSES TO DEFENDANT VASSAR COLLEGE'S INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rules") and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Debra Zeifman ("Plaintiff") hereby objects and responds to the Interrogatories served on December 15, 2023 by Defendant Vassar College ("Defendant").

## PRELIMINARY STATEMENT

All responses to the Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) should additional information become available. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. Plaintiff anticipates that as discovery and trial preparation continue, additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by an Interrogatory. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information provided herein. The

discovery, would not be a productive means of clarifying or narrowing the issues or contentions of the parties. Plaintiff further objects to this Interrogatory because it is overbroad and not sufficiently clear in what information it seeks from Plaintiff. Plaintiff further objects to this Interrogatory as unduly burdensome in that it seeks identification of documents that are too numerous to name and more readily available to Defendant than to Plaintiff.

**INTERROGATORY NO. 4:**

Identify each person you intend to call as an expert witness in this action, and as to each expert, identify the date retained, the field(s) of expertise, the substance of materials examined by such expert(s) and a summary of the basis for all such facts and opinions.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff further objects to this Interrogatory as premature. No expert witnesses, documents, or analysis will be provided until the time set forth in the Rules or as otherwise scheduled by the Court.

**INTERROGATORY NO. 5:**

Identify all male professors who you allege perform or performed, as compared to yourself, "substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions," as alleged in the Complaint, including the initial Complaint and any amended Complaint, and for each, identify his name, title, department, and compensation.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff further objects that this Interrogatory is an inappropriate and premature contention interrogatory, and that answering it at this time, prior to receiving meaningful discovery, would not be a productive means of clarifying or narrowing the issues or contentions

of the parties.  Plaintiff further objects that this Interrogatory is premature because it calls for expert opinion and/or analysis, which is not yet the subject of disclosure or discovery.  Plaintiff further objects to this Interrogatory because it is overbroad and not sufficiently clear in what information it seeks from Plaintiff.

Subject to and without waiving any objections, Plaintiff responds as follows:  Plaintiff refers Defendant to the individuals identified by name in the Second Amended Complaint in this matter.

**INTERROGATORY NO. 6:**

Identify all "college-wide policies and practices regarding compensation and evaluating [] faculty [that], while facially neutral, have had and continue to have a disparate impact on women," as alleged in the Complaint, including the initial Complaint and any amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving any objections, Plaintiff responds as follows:  Vassar's College-wide compensation, promotion, and evaluation policies, while facially neutral, have had a disparate impact on women.  Plaintiff refers Defendant to Sections I, II, and III of Plaintiff's Second Amended Complaint, wherein these policies are described.

**INTERROGATORY NO. 7:**

Identify all "unvalidated policies and practices" that you allege "had an adverse impact on Plaintiffs and the Class" alleged in the Complaint, including the initial Complaint and any amended Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff further objects to this Interrogatory as premature.  No expert witnesses,

documents, or analysis will be provided until the time set forth in the Rules or as otherwise

scheduled by the Court.


Dated:  January 30, 2024            Respectfully submitted,

By:     */s/ Michelle A. Lamy*_____

       Kelly M. Dermody (*pro hac vice*)
       Anne B. Shaver (*pro hac vice*)
       Michelle A. Lamy (*pro hac vice*)
       LIEFF CABRASER HEIMANN &
       BERNSTEIN, LLP
       275 Battery Street, 29th Floor
       San Francisco, CA 94111-3339
       Telephone: (415) 956-1000

       Rachel J. Geman
       LIEFF CABRASER HEIMANN &
       BERNSTEIN, LLP
       250 Hudson Street, 8th Floor
       New York, NY 10013-9592
       Telephone: (212) 355-9500
       Facsimile: (212) 355-9592

       Jessica R. Stender (*pro hac vice*)
       EQUAL RIGHTS ADVOCATES
       611 Mission Street, 4th Floor
       San Francisco, CA 94105
       Telephone: (415) 575-2394

       *Attorneys for Plaintiffs and the Proposed Class*

2931614.1

## **VERIFICATION**

I, Debra Zeifman, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Dated: January 30, 2024

Debra Zeifman

2931614.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I served a true and correct copy of the foregoing document on counsel for Defendant, at the email addresses listed below, as per the parties' electronic service agreement:

Matthew Gagnon:  mgagnon@seyfarth.com

Camille Olson:  colson@seyfarth.com

Richard Lapp:  rlapp@seyfarth.com

By:  */s/ Michelle A. Lamy*
Michelle A. Lamy

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY GRAHAM, MARIA HÖHN, MIA MASK, CINDY SCHWARZ, and DEBRA ZEIFMAN on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>VASSAR COLLEGE,<br><br>    Defendant. | No. 7:23-cv-07692<br><br><br>**PLAINTIFF MARIA HÖHN'S OBJECTIONS AND RESPONSES TO DEFENDANT VASSAR COLLEGE'S INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rules") and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Maria Höhn ("Plaintiff") hereby objects and responds to the Interrogatories served on December 15, 2023 by Defendant Vassar College ("Defendant").

### PRELIMINARY STATEMENT

All responses to the Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) should additional information become available. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. Plaintiff anticipates that as discovery and trial preparation continue, additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by an Interrogatory. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information provided herein. The

sufficiently clear in what information it seeks from Plaintiff. Plaintiff further objects to this Interrogatory as unduly burdensome in that it seeks identification of documents that are too numerous to name and more readily available to Defendant than to Plaintiff.

**INTERROGATORY NO. 4:**

Identify each person you intend to call as an expert witness in this action, and as to each expert, identify the date retained, the field(s) of expertise, the substance of materials examined by such expert(s) and a summary of the basis for all such facts and opinions.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff further objects to this Interrogatory as premature. No expert witnesses, documents, or analysis will be provided until the time set forth in the Rules or as otherwise scheduled by the Court.

**INTERROGATORY NO. 5:**

Identify all male professors who you allege perform or performed, as compared to yourself, "substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions," as alleged in the Complaint, including the initial Complaint and any amended Complaint, and for each, identify his name, title, department, and compensation.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff further objects that this Interrogatory is an inappropriate and premature contention interrogatory, and that answering it at this time, prior to receiving meaningful discovery, would not be a productive means of clarifying or narrowing the issues or contentions of the parties. Plaintiff further objects that this Interrogatory is premature because it calls for expert opinion and/or analysis, which is not yet the subject of disclosure or discovery. Plaintiff

further objects to this Interrogatory because it is overbroad and not sufficiently clear in what information it seeks from Plaintiff.

Subject to and without waiving any objections, Plaintiff responds as follows:  Plaintiff refers Defendant to the individuals identified by name in the Second Amended Complaint in this matter.

**INTERROGATORY NO. 6:**

Identify all "college-wide policies and practices regarding compensation and evaluating [] faculty [that], while facially neutral, have had and continue to have a disparate impact on women," as alleged in the Complaint, including the initial Complaint and any amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving any objections, Plaintiff responds as follows:  Vassar's College-wide compensation, promotion, and evaluation policies, while facially neutral, have had a disparate impact on women.  Plaintiff refers Defendant to Sections I, II, and III of Plaintiff's Second Amended Complaint, wherein these policies are described.

**INTERROGATORY NO. 7:**

Identify all "unvalidated policies and practices" that you allege "had an adverse impact on Plaintiffs and the Class" alleged in the Complaint, including the initial Complaint and any amended Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving any objections, Plaintiff responds as follows:  Vassar's College-wide compensation, promotion, and evaluation policies are unvalidated, and while

DocuSign Envelope ID: 9661C5E7-41F7-4043-9F92-7B28DBF2432A

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff further objects to this Interrogatory as premature.  No expert witnesses, documents, or analysis will be provided until the time set forth in the Rules or as otherwise scheduled by the Court.

Dated:  January 30, 2024             Respectfully submitted,

By:    */s/ Michelle A. Lamy*

        Kelly M. Dermody (*pro hac vice*)
        Anne B. Shaver (*pro hac vice*)
        Michelle A. Lamy (*pro hac vice*)
        LIEFF CABRASER HEIMANN &
        BERNSTEIN, LLP
        275 Battery Street, 29th Floor
        San Francisco, CA 94111-3339
        Telephone: (415) 956-1000

        Rachel J. Geman
        LIEFF CABRASER HEIMANN &
        BERNSTEIN, LLP
        250 Hudson Street, 8th Floor
        New York, NY 10013-9592
        Telephone: (212) 355-9500
        Facsimile: (212) 355-9592

        Jessica R. Stender (*pro hac vice*)
        EQUAL RIGHTS ADVOCATES
        611 Mission Street, 4th Floor
        San Francisco, CA 94105
        Telephone: (415) 575-2394

        *Attorneys for Plaintiffs and the Proposed Class*

2931602.1

## <u>VERIFICATION</u>

I, Maria Höhn, believe, based on reasonable inquiry, that the foregoing answers are true

and correct to the best of my knowledge, information, and belief.


Dated: January 30, 2024

DocuSigned by:

*Maria Höhn*

7A5AABE92A314BC...

Maria Höhn

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2024, I served a true and correct copy of the

foregoing document on counsel for Defendant, at the email addresses listed below, as per the

parties' electronic service agreement:

Matthew Gagnon:      mgagnon@seyfarth.com

Camille Olson:        colson@seyfarth.com

Richard Lapp:        rlapp@seyfarth.com

By:   */s/ Michelle A. Lamy*
Michelle A. Lamy

-14-

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY GRAHAM, MARIA HÖHN, MIA MASK, CINDY SCHWARZ, and DEBRA ZEIFMAN on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>VASSAR COLLEGE,<br><br>   Defendant. | No. 7:23-cv-07692<br><br><br>**PLAINTIFF MIA MASK'S OBJECTIONS AND RESPONSES TO DEFENDANT VASSAR COLLEGE'S INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rules") and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Mia Mask ("Plaintiff") hereby objects and responds to the Interrogatories served on December 15, 2023 by Defendant Vassar College ("Defendant").

## PRELIMINARY STATEMENT

All responses to the Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) should additional information become available. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. Plaintiff anticipates that as discovery and trial preparation continue, additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by an Interrogatory. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information provided herein. The

sufficiently clear in what information it seeks from Plaintiff.  Plaintiff further objects to this

Interrogatory as unduly burdensome in that it seeks identification of documents that are too

numerous to name and more readily available to Defendant than to Plaintiff.

**INTERROGATORY NO. 4:**

Identify each person you intend to call as an expert witness in this action, and as to each

expert, identify the date retained, the field(s) of expertise, the substance of materials examined

by such expert(s) and a summary of the basis for all such facts and opinions.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff further objects to this Interrogatory as premature.  No expert witnesses,

documents, or analysis will be provided until the time set forth in the Rules or as otherwise

scheduled by the Court.

**INTERROGATORY NO. 5:**

Identify all male professors who you allege perform or performed, as compared to

yourself, "substantially similar work, when viewed as a composite of skill, effort, and

responsibility, and performed under similar working conditions," as alleged in the Complaint,

including the initial Complaint and any amended Complaint, and for each, identify his name,

title, department, and compensation.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff further objects that this Interrogatory is an inappropriate and premature

contention interrogatory, and that answering it at this time, prior to receiving meaningful

discovery, would not be a productive means of clarifying or narrowing the issues or contentions

of the parties.  Plaintiff further objects that this Interrogatory is premature because it calls for

expert opinion and/or analysis, which is not yet the subject of disclosure or discovery.  Plaintiff

further objects to this Interrogatory because it is overbroad and not sufficiently clear in what information it seeks from Plaintiff.

Subject to and without waiving any objections, Plaintiff responds as follows:  Plaintiff refers Defendant to the individuals identified by name in the Second Amended Complaint in this matter.

**INTERROGATORY NO. 6:**

Identify all "college-wide policies and practices regarding compensation and evaluating [] faculty [that], while facially neutral, have had and continue to have a disparate impact on women," as alleged in the Complaint, including the initial Complaint and any amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving any objections, Plaintiff responds as follows:  Vassar's College-wide compensation, promotion, and evaluation policies, while facially neutral, have had a disparate impact on women.  Plaintiff refers Defendant to Sections I, II, and III of Plaintiff's Second Amended Complaint, wherein these policies are described.

**INTERROGATORY NO. 7:**

Identify all "unvalidated policies and practices" that you allege "had an adverse impact on Plaintiffs and the Class" alleged in the Complaint, including the initial Complaint and any amended Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving any objections, Plaintiff responds as follows:  Vassar's College-wide compensation, promotion, and evaluation policies are unvalidated, and while

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff further objects to this Interrogatory as premature. No expert witnesses,

documents, or analysis will be provided until the time set forth in the Rules or as otherwise

scheduled by the Court.


Dated:  January 30, 2024                  Respectfully submitted,

                                          By:     */s/ Michelle A. Lamy*
                                          _____

                                          Kelly M. Dermody (*pro hac vice*)
                                          Anne B. Shaver (*pro hac vice*)
                                          Michelle A. Lamy (*pro hac vice*)
                                          LIEFF CABRASER HEIMANN &
                                          BERNSTEIN, LLP
                                          275 Battery Street, 29th Floor
                                          San Francisco, CA 94111-3339
                                          Telephone: (415) 956-1000

                                          Rachel J. Geman
                                          LIEFF CABRASER HEIMANN &
                                          BERNSTEIN, LLP
                                          250 Hudson Street, 8th Floor
                                          New York, NY 10013-9592
                                          Telephone: (212) 355-9500
                                          Facsimile: (212) 355-9592

                                          Jessica R. Stender (*pro hac vice*)
                                          EQUAL RIGHTS ADVOCATES
                                          611 Mission Street, 4th Floor
                                          San Francisco, CA 94105
                                          Telephone: (415) 575-2394

                                          *Attorneys for Plaintiffs and the Proposed Class*

2931615.1

## <u>VERIFICATION</u>

I, Mia Mask, believe, based on reasonable inquiry, that the foregoing answers are true

and correct to the best of my knowledge, information, and belief.

Dated: January 30, 2024

DocuSigned by:

*Mia Mask*

6ED105364BD9411...

Mia Mask

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2024, I served a true and correct copy of the

foregoing document on counsel for Defendant, at the email addresses listed below, as per the

parties' electronic service agreement:

Matthew Gagnon:     mgagnon@seyfarth.com

Camille Olson:     colson@seyfarth.com

Richard Lapp:     rlapp@seyfarth.com

By:   */s/ Michelle A. Lamy*
Michelle A. Lamy

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WENDY GRAHAM, MARIA HÖHN, MIA MASK, CINDY SCHWARZ, and DEBRA ZEIFMAN on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>VASSAR COLLEGE,<br><br>        Defendant. | No. 7:23-cv-07692<br><br><br>**PLAINTIFF WENDY GRAHAM'S OBJECTIONS AND RESPONSES TO DEFENDANT VASSAR COLLEGE'S INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rules") and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Wendy Graham ("Plaintiff") hereby objects and responds to the Interrogatories served on December 15, 2023 by Defendant Vassar College ("Defendant").

## <u>PRELIMINARY STATEMENT</u>

All responses to the Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) should additional information become available. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. Plaintiff anticipates that as discovery and trial preparation continue, additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by an Interrogatory. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information provided herein. The

2931609.1

such statement and the statement made; identify all documents that relate to or constitute such statement.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff further objects that this Interrogatory is an inappropriate and premature contention interrogatory, and that answering it at this time, prior to receiving meaningful discovery, would not be a productive means of clarifying or narrowing the issues or contentions of the parties.  Plaintiff further objects to this Interrogatory because it is overbroad and not sufficiently clear in what information it seeks from Plaintiff.  Plaintiff further objects to this Interrogatory as unduly burdensome in that it seeks identification of documents that are too numerous to name and more readily available to Defendant than to Plaintiff.

**INTERROGATORY NO. 4:**

Identify each person you intend to call as an expert witness in this action, and as to each expert, identify the date retained, the field(s) of expertise, the substance of materials examined by such expert(s) and a summary of the basis for all such facts and opinions.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff further objects to this Interrogatory as premature.  No expert witnesses, documents, or analysis will be provided until the time set forth in the Rules or as otherwise scheduled by the Court.

**INTERROGATORY NO. 5:**

Identify all male professors who you allege perform or performed, as compared to yourself, "substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions," as alleged in the Complaint,

including the initial Complaint and any amended Complaint, and for each, identify his name, title, department, and compensation.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff further objects that this Interrogatory is an inappropriate and premature contention interrogatory, and that answering it at this time, prior to receiving meaningful discovery, would not be a productive means of clarifying or narrowing the issues or contentions of the parties.  Plaintiff further objects that this Interrogatory is premature because it calls for expert opinion and/or analysis, which is not yet the subject of disclosure or discovery.  Plaintiff further objects to this Interrogatory because it is overbroad and not sufficiently clear in what information it seeks from Plaintiff.

Subject to and without waiving any objections, Plaintiff responds as follows:  Plaintiff refers Defendant to the individuals identified by name in the Second Amended Complaint in this matter.

**INTERROGATORY NO. 6:**

Identify all "college-wide policies and practices regarding compensation and evaluating [] faculty [that], while facially neutral, have had and continue to have a disparate impact on women," as alleged in the Complaint, including the initial Complaint and any amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving any objections, Plaintiff responds as follows:  Vassar's College-wide compensation, promotion, and evaluation policies, while facially neutral, have had a disparate impact on women.  Plaintiff refers Defendant to Sections I, II, and III of Plaintiff's Second Amended Complaint, wherein these policies are described.

value that type or item of damage, loss or expense, the specific method by which that amount

was calculated, and the facts which support, relate to, or evidence the type or item of damage,

loss or expense.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff further objects to this Interrogatory as premature. No expert witnesses,

documents, or analysis will be provided until the time set forth in the Rules or as otherwise

scheduled by the Court.


Dated: January 30, 2024           Respectfully submitted,

By:     */s/ Michelle A. Lamy*

Kelly M. Dermody (*pro hac vice*)
Anne B. Shaver (*pro hac vice*)
Michelle A. Lamy (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Rachel J. Geman
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-9592
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Jessica R. Stender (*pro hac vice*)
EQUAL RIGHTS ADVOCATES
611 Mission Street, 4th Floor
San Francisco, CA 94105
Telephone: (415) 575-2394

*Attorneys for Plaintiffs and the Proposed Class*

2931609.1

## **VERIFICATION**

I, Wendy Graham, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Dated: January 30, 2024

_Wendy Graham_ _____
Wendy Graham

2931609.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I served a true and correct copy of the

foregoing document on counsel for Defendant, at the email addresses listed below, as per the

parties' electronic service agreement:

Matthew Gagnon:  mgagnon@seyfarth.com

Camille Olson:   colson@seyfarth.com

Richard Lapp:    rlapp@seyfarth.com

     By: */s/ Michelle A. Lamy*
       Michelle A. Lamy

2931609.1