UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

WENDY GRAHAM, MARIA HOHN, MIA MASK, CINDY SCHWARZ and DEBRA ZEIFMAN, on behalf of themselves and all others similarly situated,

          Plaintiffs,

  -against-

VASSAR COLLEGE,

          Defendant.

------------------------------------------------------- X

Civil Action No. 23-CV-7692

**DEFENDANT VASSAR COLLEGE'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

i

I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs ignore relevant case law, which holds that when making allegations of substantially similar work under the New York Equal Pay Law ("NY EPL"), one may not rely only on broad and conclusory generalizations and simply parrot the statute; rather, as those cases instruct, a plaintiff must identify the job content of her alleged comparator in order to state a claim for relief. It is not enough, for example, to say that a professor-is-a-professor-is-a-professor, regardless of their actual duties and responsibilities, work environment, academic discipline or department. Yet that is essentially what Plaintiffs do here. The core and fundamental allegations on alleged comparator similarity are utterly absent from the Second Amended Complaint ("SAC"), which is fatal to Plaintiffs' SAC under *Twombly/Iqbal.*

Plaintiffs counter that they have satisfied their pleading burden simply by naming names - and now by adding in their brief, for the first time, the departments and "divisions" of their alleged comparators. Even with the new allegations, though, the SAC still alleges nothing about the work performed by those supposed comparators beyond that all professors are judged on scholarship, teaching, and service and teach a standard courseload. But those general metrics are shared by virtually all teachers, no matter the rank, level or institution, and so fall short of meeting Plaintiffs' burden.

Plaintiffs, moreover, improperly now rely on allegations which are nowhere to be found in the SAC to identify the supposed departments or "divisions" they share with their comparators. They cannot amend their complaint in the middle of briefing via their opposition brief to stave off Vassar's motion.

Fundamentally, though, Plaintiffs continue to misapprehend the Second Circuit's decision in *Eisenhauer v. Culinary Institute of Am.*, 84 F.4th 507 (2d Cir. 2023). Neither the NY EPL nor

1

the Second Circuit in *Eisenhauer* dispensed with the obligation to identify specific comparators in order to state a claim for relief under the NY EPL.

Nor does the fact that this case is brought as a putative a class action somehow relieve them of identifying their specific comparators to adequately state their individual claims. The law is clear that in order to bring a class action the named plaintiffs themselves must state a valid underlying individual claim. They cannot avoid that elemental burden by pointing to class allegations and arguing this case will someday be decided by generalized statistics untethered to actual comparators and by examining average pay rates as between male and female professors.

Finally, Plaintiffs misunderstand why their discovery responses are cited here. Vassar highlighted Plaintiffs' discovery responses to show that further discovery will not yield the answers on their alleged comparators, and that leave to amend would be futile. When asked in interrogatories to identify the facts about their alleged comparators, Plaintiffs offered none, and looked to future discovery to supply the answers. The Supreme Court, however, has instructed that a plaintiff's complaint must be judged by its allegations, not the hope that after costly discovery a plaintiff may find eventually support for her claims. Here, after twice amending their pleadings, Plaintiffs have not – or cannot – sufficiently allege facts of a single comparator who performs substantially similar work as compared to Plaintiffs.

For all of these reasons, Vassar respectfully requests that Plaintiffs' claim under the NY EPL be dismissed with prejudice.

## II. PLAINTIFFS OFFER NO SPECIFIC ALLEGATIONS REGARDING THE "SUBSTANTIALLY SIMILAR WORK" PERFORMED BY ALLEGED COMPARATORS

### A. Plaintiffs Never Identify Any Substantially Similar Work Performed By Alleged Comparators and Merely Recite the Elements of the Statute

Plaintiffs shun any obligation to identify in any detail the alleged substantially similar work performed by their comparators. But numerous decisions make clear that allegations of job content are essential in order to plausibly state a claim to relief. *See Faughan v. Nassau Health Care Corp.*, 2021 WL 1566138, at *17 (E.D.N.Y. Mar. 18, 2021) ("[t]o avoid dismissal, plaintiff's complaint 'must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job *content* was 'substantially equal.'"); *Durand v. Excelsior Care Grp., LLC*, 2020 WL 7246437, at *4 (E.D.N.Y. Dec. 9, 2020) (dismissing EPA claims based upon lack of comparison of job content); *Khwaja v. Jobs to Move Am.*, 2021 WL 4927140, at *4 (S.D.N.Y. Mar. 26, 2021) (plaintiff failed to plead plausible federal EPA and NY EPL claims because allegations were "insufficient "to permit 'the reasonable inference' that the relevant employee['s] job content was 'substantially equal.'").

Instead Plaintiffs contend they have done enough by simply alleging that faculty with comparable seniority perform "substantially similar work," because they have the same job requirements, and are evaluated based upon the same performance factors. But Plaintiffs make the same mistake here as the professor-plaintiff in *Spencer* who, like Plaintiffs here, argued that all professors performed the same or similar work because they shared the same job title and some general responsibilities. The *Spencer* Court rejected that superficial effort, explaining that, while the plaintiff had identified "studying, preparing, presenting, [and] discussing…" as tasks performed by plaintiff and her comparators, all she had really done was to identify tasks that all teachers perform, tasks which are "shared by middle-school teachers and law-school professors,

3

Case 7:23-cv-07692-CS   Document 45   Filed 03/19/24   Page 5 of 13

pre-algebra teachers and biomedical-engineering professors" alike. *Spencer v. Virginia State Univ.*, 919 F.3d 199, 204 (4th Cir. 2019). Plaintiffs here commit this same error. Other than alleging that all professors teach, carry similar courseloads, and are judged based upon their service, teaching, and research contributions, Plaintiffs do not identify a single discrete substantially similar work task which they perform which is also performed by a comparator.

Plaintiffs continue to rely upon their conclusory assertion that their alleged comparators perform "substantially similar work." Oppo. at 13; Compl. ¶¶ 50, 56, 61, 66, 71 (alleging that named "men [performed] substantially similar work"). But this merely recites the language of the NY EPL, N.Y.L.L. § 194 ("No employee with status within [a] protected class [] shall be paid a wage at a rate less than the rate at which an employee without status within the same protected class []in the same establishment is paid for…substantially similar work…"), and is no more than a "formulaic recitation" of the statute and an allegation that "defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This flies in the face of the long-accepted *Twombly/Iqbal* pleading standard, Oppo. at 7–8. The Supreme Court has made clear that allegations which "are no more than conclusions[] are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 678–79. Accordingly, Plaintiffs' conclusory allegations that their alleged comparators performed "substantially similar work" are inadequate to state a claim for relief.[1]

---

[1] To be clear, Vassar recognizes that Plaintiffs have identified the names of a handful of alleged comparators. That is not the issue. Plaintiffs have not supplied any allegations in the SAC explaining why they believe these individuals perform "substantially similar work." Even if Vassar knows who these individuals are, it is not enough for Plaintiffs to name names without alleging the substantially similar work they perform. Adequate allegations are essential to permit Vassar to prepare its defenses. *Cannon v. NYS Comm'r of Soc. Servs.*, 2019 WL 3743975, at *2 (S.D.N.Y. Aug. 7, 2019) (pleading standard is "designed in part to ensure that defendants receive fair notice of the claims against them and the grounds on which they rest" and failure to meet that standard "presents far too [heavy a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [a plaintiff's] claims."); *Incorvati v. CIS Ombudsman*, 2021 WL 2766993, at *4 (N.D.N.Y. July 2, 2021) (same).

### B. Plaintiffs' Opposition Relies Upon Allegations Not Present in the SAC

Plaintiffs try to salvage the SAC by arguing for the first time - and by referencing facts found nowhere in the SAC - that they have satisfied their burden because they have identified at least one comparator within the same department or "division" of each plaintiff. *Compare* Compl. ¶¶ 50, 61 *with* Oppo. at 13. It is entirely inappropriate for Plaintiffs to rely on facts not within the SAC to oppose Vassar's motion. *Tomlins v. Vill. Of Wappinger Falls Zoning Bd. Of Appeals*, 812 F. Supp. 2d 357, 363 n. 9 (S.D.N.Y. 2011) (Seibel, J.) (noting that "the complaint may not be amended simply by raising new facts in opposition to Defendants' motion."); *see also K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n. 8 (S.D.N.Y. 2013) (same); *Scott v. City of New York Dep't of Corr.*, 641 F. Supp. 2d 211, 229 (S.D.N.Y. 2009) (same). Plaintiffs never allege the department or division of any of their alleged comparators in the SAC or, moreover, how and why that would even satisfy their burden to allege their comparators performed substantially similar work (as argued above, it does not). Plaintiffs' SAC "cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers, and [] such new allegations and claims should not be considered in resolving the motion." *Southwick Clothing LLC v. GFT (USA) Corp.*, 2004 WL 2914093, at *6 (S.D.N.Y. 2004). Thus, these new "facts" should be ignored.

### C. Plaintiffs Cannot Rely Upon Statistics in Lieu of Identifying Real Comparators Who Perform Substantially Similar Work

In an effort to duck their obligation to sufficiently identify comparators, Plaintiffs contend that "a statistical analysis of unequal pay without regard to a comparison of actual work is sufficient" to state a claim under the NY EPL. Oppo. at 15. Indeed, the SAC alleges only a rudimentary statistical comparison of all male professors to all female professors. Compl. ¶ 24. That, however, falls short of satisfying Plaintiffs' burden. It is plain that "[t]he comparison to the

5

employee(s) must be made factor by factor and cannot be made to a hypothetical with a composite average of a group's skill, effort, and responsibility." *Noel-Batiste v. Virginia State Univ.*, 2013 WL 499342, at *6 (E.D. Va. Feb. 7, 2013) (citing *Wheatley v. Wicomico Cnty*, 390 F.3d 328, 334 (4th Cir. 2004)); *see also Cunningham v. Castelle,* 2011 WL 4435565, *4 (S.D. W. Va. Sept. 22, 2011) (quoting *Houck v. Va. Polytechnic Inst. & State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993)) ("A plaintiff must make a comparison with a male co-employee that describes each factor required to make a prima facie case."). Courts have routinely dismissed rejected attempts to rely upon such studies to establish their burden. *See Earl v. Norfolk State Univ.*, 2014 WL 583972, at *1–*2 (E.D. Va. Feb. 13, 2014) (dismissing federal EPA claim where plaintiff relied upon a salary study because reliance on the study "fail[ed] to sufficiently allege any facts showing that higher-paid female employees hold jobs that require equal skill, effort, and responsibility and that such jobs are performed under similar working conditions.").

The authority Plaintiffs cite does not hold otherwise. In *Siler-Khodr v. Univ. of Texas Health Sci. Ctr. San Antonio*, 261 F.3d 542 (5th Cir. 2001), the plaintiff identified a comparator, Dr. Shain, to whom she compared herself. *Id.* at 547–549. Likewise in *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480-81 (2d Cir. 2001), the plaintiff there "identified an actual male comparator," Mr. White, and the court merely noted that statistical evidence can contribute to the Plaintiff's case only "once a male comparator has been identified." *Lavin-McEleney*, 239 F.3d at 480–82. In sum, statistical analyses are not "sufficient" by themselves to state a claim.

Plaintiffs reliance on California law is unavailing. Setting aside the irrelevance of California law here, neither of the California cases Plaintiffs cite involved a motion to dismiss or addressed an individual plaintiff's pleading burden at the outset of litigation; rather both addressed the propriety of class certification. *See Rasmussen v. The Walt Disney Co.*, No. 19STCV10974,

2024 WL 454593, at *5 (Cal. Super. Ct. Jan. 30, 2024) (motion for class certification); *see also Ellis v. Google, LLC*, No. CGC-17-561299, 2021 WL 4169813, at *5 (Cal. Super. Ct. May 27, 2021) (same). But regardless of what California law may say about its own state's laws, New York law is clear: Plaintiffs must identify comparators and the substantially similar work they perform. They have not, and Count Three of the SAC should, therefore, be dismissed.

### III. THE SECOND CIRCUIT'S DECISION IN *EISENHAUER* DOES NOT PROHIBIT COURTS FROM RELYING UPON FEDERAL EPA DECISIONS WHEN INTERPRETING THE NY EPL

Plaintiffs continue to argue that decisions interpreting the federal Equal Pay Act are inapposite based upon their flawed of *Eisenhauer v. Culinary Institute of Am.*, 84 F.4th 507 (2d Cir. 2023). They are wrong and misapprehend the ruling and rationale of *Eisenhauer.*

The *Eisenhauer* decision addressed the "reasonable factor other than sex" defense "job relatedness" requirement under the NY EPL – which diverges from the federal EPA. Nowhere in that decision, though, did the Second Circuit announce, or even suggest, that federal EPA decisions should be ignored with respect to other elements of an the NY EPL claim – including the requirement to sufficiently identify a comparator at the pleading stage. Indeed, the *Eisenhauer* court underscored that the identification of a comparator is an indispensable element of a NY EPL claim. *Id.* at n. 83 ("should the District Court decide to invoke its supplemental jurisdiction over Eisenhauer's § 194(1) claim on remand, it must determine whether a single male comparator is sufficient to establish a prima facie case under § 194(1).").

Here, unlike in *Eisenhauer*, Plaintiffs do not (and cannot) identify any "divergent requirements" imposed by the EPA and the NY EPL with respect to their obligation to allege at least substantially similar work of an alleged comparator. There is no "divergent requirement" between state and federal law in this regard – both laws plainly require that a plaintiff allege that she was compensated less than a comparator outside of her protected class for performing work

7

that was substantially similar to the work she performed. In that regard, the federal EPA's pleading standards are directly applicable to Plaintiffs' NY EPL claim.

In summary, Plaintiffs' point to no "divergent requirements" between the federal EPA and NY EPL warranting separate pleading requirements relative to the identification of comparators.[2] The Court should reject Plaintiffs' mis-reading of *Eisenhauer*.

## IV. THE PLEADING STANDARD IS NOT MORE LENIENT SIMPLY BECAUSE THIS CASE IS STYLED AS A CLASS ACTION

Plaintiffs' assertion that their NY EPL claim warrants different treatment because they make class allegations is meritless. At this point in litigation, Plaintiffs are five individuals proceeding under the NY EPL with their own individual claims. No class has been certified. But regardless, Plaintiffs must still sufficiently plead facts in support of their individual claims.

Whether Plaintiffs proceed as five individual plaintiffs through the entire case or move to certify a class in the future, they must satisfy the same basic pleading standards for their individual claims. *See, e.g., Belizare v. Ahold U.S.A., Inc.*, 756 Fed. Appx. 51 (2d Cir. 2020) (affirming dismissal of plaintiffs' individual NYLL claim applying the *Twombly/Iqbal* pleading standard where complaint included class allegations); *Liberian Community Assoc. of Connecticut v. Lamont*, 970 F.3d 174 (2d Cir. 2020) (affirming, *inter alia*, dismissal of plaintiffs' individual claim applying the *Twombly/Iqbal* pleading standard where plaintiffs alleged both class and individual claims); *Lopez v. Wendy's Int'l, Inc.*, 2011 WL 6967932, at *2 (C.D. Cal. Sept. 19, 2011) (A plaintiff asserting claims on behalf of a class "does not lower the pleading requirements for the named plaintiff's claims, or in any way blunt the impact of the Supreme Court's holdings in *Twombly* and

---

[2] Plaintiffs' also suggest that *Eisenhauer* was "a case first brought to Vassar's attention by Plaintiffs" because it was not mentioned in Vassar's pre-motion letter. *See* Oppo. at 2. This is irrelevant, wrong and gratuitous. *Eisenhauer* was decided on October 17, four days after Vassar filed its letter. *Compare* Dkt. 19 (dated October 13, 2023).

*Iqbal*."); *Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61 (N.D.N.Y. 2008) (ruling that in the context of a putative class action, "[t]he Court applies the familiar Rule 12(b)(6) standard[] in evaluating Plaintiff['s] individual []claims."); *see Warr-Hightower v. Illinois Central Coll*, 2017 WL 5484671, at *7 (C.D. Ill. 2017) (assessing individual and class claims separately under the same pleading standard). Indeed, courts routinely recognize that plaintiffs themselves must have adequately alleged a claim before the court will certify a class to proceed. *See B.K. by next friend Tinsley v. Snyder*, 2019 WL 1868287, at *5 (9th Cir. Apr. 26, 2019) (courts must first "look concretely at the facts that pertain to that plaintiff" to determine whether the plaintiff's burden "to support each standing element" is met to conclude the standing inquiry before considering class certification). Plaintiffs have not met that burden here.

Plaintiffs counter that they need not identify a comparator for every member of the class in the SAC. Oppo. at 12. But that glosses over the issue. What Plaintiffs must do is allege facts identifying a comparator who performs substantially equal work for each of their individual NY EPL claims. *E.g. Faughnan*, 2021 WL 1566138, at *17; *Durand*, 2020 WL 7246437, at *4; *Khwaja*, 2021 WL 4927140, at *4. Plaintiffs have only identified potential comparators, but allege nothing about how the work those comparators perform is substantially similar to their work. For that reason, Plaintiffs' individual claims must be dismissed.

**V.   CONTRARY TO PLAINTIFF'S REPRESENTATIONS, THE PARTIES ARE PROCEEDING WITH DISCOVERY AND THEIR DISCOVERY RESPONSES ARE GERMANE TO AND APPROPRIATELY CONSIDERED IN DECIDING THIS MOTION**

Plaintiffs suggest that Vassar is somehow "prevent[ing] routine discovery." Oppo. at 17. Not so. The parties have already exchanged and responded to discovery requests, including written interrogatories and requests for production of documents.

More substantively, Plaintiffs misunderstand why their responses are relevant here. Vassar did not cite their discovery responses to test the formal legal sufficiency of the SAC. Nor did Vassar attempt to catch Plaintiffs in a "gotcha" moment by pointing out that their interrogatory responses conflict with the SAC.

Rather, Plaintiffs' discovery responses underscore why Plaintiffs should not be permitted to avoid dismissal by asserting that the absent facts will be forthcoming in discovery. To begin, that is antithetical to the teaching of *Twombly/Iqbal.* but in any event, it would be futile. To date, discovery has revealed that Plaintiffs simply do not have – or refuse to share – this information. Despite the opportunity to twice amend, Plaintiffs have not alleged the details of the supposed substantially similar work performed by their male comparators. Instead, Plaintiffs seek to press forward into discovery so that they may aggregate the statistical datapoints of their so-called comparators without ever addressing the fundamental question of whether they perform substantially similar work as their alleged comparators. Vassar respectfully suggests that the Court accept the only conclusion – that Plaintiffs will not or cannot sufficiently identify comparators who perform substantially similar work.[3]

## VI.   CONCLUSION

For all of the above reasons, Vassar respectfully requests that the Court dismiss with prejudice Count Three of the Second Amended Complaint.

---

[3] Plaintiffs incorrectly characterize Defendant's interrogatory requests – which merely ask Plaintiffs to state certain information known to them as to each of their alleged comparators – as contention interrogatories. E.g. Dkt. 42-1 at 8–9. They are not. Rather, the questions merely seek the identities of individuals who are Plaintiffs' alleged comparators, and certain information known to each Plaintiff about their work. These are elemental facts of Plaintiffs' NY EPL claims.

Dated: Chicago, Illinois  
       March 19, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Camille A. Olson*
   Camille A. Olson (admitted *pro hac vice*)
   colson@seyfarth.com
   Richard B. Lapp (admitted *pro hac vice*)
   rlapp@seyfarth.com
   233 South Wacker Drive
   Suite 8000
   Chicago, Illinois  60606-6448
   Telephone:  (312) 460-5000
   Facsimile:  (312) 460-7000

   Maria Papasevastos
   mpapasevastos@seyfarth.com
   620 Eighth Avenue
   32nd Floor
   New York, NY 10018-1405

   John T. Ayers-Mann (admitted *pro hac vice*)
   jayers-mann@seyfarth.com
   2029 Century Park East
   Suite 3500
   Los Angeles, CA 90067-3021

*Attorneys for Defendant*
*Vassar College*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 19, 2024, I served the foregoing document upon all counsel of record via ECF:

    Anne B. Shaver
    Lieff Cabraser Heimann & Bernstein, LLP
    275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
    Email: ashaver@lchb.com

    Kelly Dermody
    Lieff Cabraser Heimann & Bernstein, LLP
    275 Battery St., 29th fl.
    San Francisco, CA 94111
    Email: kdermody@lchb.com

    Michelle Lamy
    Lieff Cabraser Heimann & Bernstein, LLP
    275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
    Email: mlamy@lchb.com

    Rachel Geman
    Lieff Cabraser Heimann & Bernstein, LLP
    250 Hudson Street, 8th Floor
    New York, NY 10013-1413
    Email: rgeman@lchb.com

    Jessica Stender
    Equal Rights Advocates
    611 Mission Street, Ste Floor 4
    San Francisco, CA 94105
    Email: jstender@equalrights.org

                            */s/ Camille A. Olson*
                                Camille A. Olson