USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
Wendy Graham, et al.,

                              Plaintiffs,

              -against-

Vassar College,

                             Defendant.
------------------------------------------------------------------X

23-cv-7692

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      On October 15, 2024, the Court held an initial conference with the parties to enter a case management plan to govern discovery. All the disputed deadlines were resolved except for one: whether to allow Defendant the opportunity to file its own opening motion against class certification, separate from any opposition to Plaintiffs' motion. (ECF No. 59). To resolve this issue, the Court ordered the parties to file a joint letter laying out their respective positions, which the parties have done. (ECF No. 60).

      For the reasons below, the Court orders that Defendants are not permitted to file their own opening motion against class certification. Instead, the parties will follow the structure of Plaintiffs' proposal. But the Court will implement Defendant's timeline for class certification briefing. Thus, Plaintiffs will submit their brief by September 15, 2025, Defendant will oppose two months after that date, and Plaintiffs will reply two months after that.

1

## **DISCUSSION**

As an initial matter, district courts have "inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962) (collecting case) (internal quotation marks omitted). And while Defendant is technically correct that neither Rule 23—nor another Federal Rule of Civil Procedure—precludes them from filing an opening brief on class certification, it is the Court's view that permitting such a practice in this case would needlessly bog down the Court in excessive briefing on issues that could be resolved in the ordinary course of this case. Not only is the common practice for plaintiffs to file an opening motion for class certification rooted in their obligation to meet their burden under Rule 23, but even Defendant concedes that the common practice is for the plaintiff to file an opening brief for class certification. (ECF No. 60 at 2); *See also Fedotov v. Peter T. Roach & Assocs., P.C.*, 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005) (reasoning that determining whether to certify a class is usually accomplished by the plaintiff's motion for certification); *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 355 (S.D.N.Y. 2002) (acknowledging that it is plaintiffs' obligation to meet the requirements of Rule 23).

Defendant does not offer a compelling reason to depart from that practice here, either. Defendant argues that "the evidence in this case will reveal certain deficiencies in Plaintiffs' ability to establish that the purported class is

maintainable under the threshold requirements of Rule 23(a)." (ECF No. 60 at 3). Specifically, Defendant argues that "discovery will establish that certain female Full Professor putative class members were substantially involved in decisions" at the heart of Plaintiffs' complaints. (*Id.*). If true, Defendant argues, then Plaintiffs cannot "establish that class treatment is appropriate" because those class members' interests will conflict with other members. (*Id.*). But that issue can be addressed as part of the analysis of whether Plaintiffs are adequate representatives. *See, e.g., In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) (resolving conflict-of-interest issue under Rule 23 analysis as part of Plaintiffs' motion for class certification); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (resolving issue of adequate representation as part of plaintiffs' motion for class certification).

Defendant also argues that this conflict-of-interest issue can be addressed without expert discovery, presumably allowing the parties to resolve a threshold issue before expending time and resources on expert discovery. But as the Court understands, both parties proposed a schedule in which expert discovery runs concurrently with their briefing on class certification. Both parties also contemplated submitting expert reports along with their class certification papers. In essence, adopting Defendant's approach would not forego expert discovery altogether but only increase the number of briefs the Court receives on class certification.

As such, the Court is inclined to adopt the structure of Plaintiffs' proposal with Defendant's timeline. That is to say, Defendant is not permitted to file their own opening motion against class certification. Instead, Plaintiffs will file their opening brief on class certification on September 15, 2025. Defendant will oppose two months later, and Plaintiffs will reply two months after that.

**SO ORDERED.**

DATED: White Plains, New York
12/10/2024

_____
VICTORIA REZNIK
United States Magistrate Judge