April 15, 2026

<u>**VIA ECF**</u>

Hon. Victoria Reznik
United States Magistrate Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:    *Graham et al v. Vassar College*, No. 7:23-cv-07692

Dear Judge Reznik:

The parties submit this joint status letter pursuant to the Court's Order, dated February 23, 2026 (ECF No. 89).

**Potential Mediation**.  There is no mediation currently scheduled.

**Document Discovery**.  The parties have continued to work collaboratively to advance discovery. Since the last status report, Plaintiffs substantially completed their productions on April 10, 2026 and Vassar made supplemental productions on March 7, April 9, and April 10, 2026. Plaintiffs also sent Vassar a letter on March 18 identifying deficiencies in their interrogatory responses. Vassar intends to provide a response to that letter by April 17 and to supplement its interrogatory responses.

The parties also have made further progress on search term negotiations and believe they are close to final agreement on the terms still in dispute.  On March 11, 2026, Vassar made a proposal to Plaintiffs' counsel which would involve Vassar agreeing to review an additional 141,165 unique documents (search hits + families),[1] and also conducting sampling on the nine remaining search strings that still result in what Vassar contends are a significant number of hit counts. On March 30, Plaintiffs requested that Vassar provide a search term report that separated the search strings into individual terms, so Plaintiffs could evaluate if further fine-tuning of the strings was possible. Vassar provided that information on April 3 and Plaintiffs sent Vassar a counterproposal regarding the disaggregated terms on April 14, which Vassar is considering.

Given the progress achieved through the meet and confer process and the parties' ongoing negotiations designed to close out the remaining issues, counsel have discussed modestly extending the deadline for substantial completion of ESI productions to provide sufficient time for Vassar to review and produce responsive documents. As such, Plaintiffs do not object to extending the schedule for Vassar's substantial completion deadline (and the case schedule accordingly), with the understanding that Vassar will continue good faith negotiations and complete document production relevant to noticed Rule 30(b)(6) depositions with sufficient time for review before the depositions.

---

[1] Vassar has already agreed to review over 150,000 documents based upon the parties' prior negotiations. These 141,165 documents would be in addition to those already being reviewed.  Plaintiffs note that this case is a proposed class action spanning many years, and believe this number of documents (or more) would be expected in such a case.

The parties thus respectfully request that the substantial completion deadline be moved from April 10, 2026 to June 26, 2026 and the case schedule modified accordingly, as set forth below.

| Event | Old Deadline | New Deadline |
|---|---|---|
| Substantial completion of all other custodial ESI | April 10, 2026 | June 26, 2026 |
| Plaintiffs' Motion for Class Certification, together with any class expert reports, to be served on Defendant | October 2, 2026 | December 11, 2027 |
| Defendant's Opposition to Class Certification, together with any class expert reports, to be served on Plaintiffs | December 4, 2026 | February 19, 2027 |
| Plaintiffs' Reply in Support of Class Certification, together with any rebuttal expert reports, to be served on Defendant and all motion papers to be filed on the docket | February 5, 2027 | April 16, 2027 |

### Document Preservation

Plaintiffs' Position

On March 23, 2026, Plaintiffs sent correspondence to Vassar's counsel raising concerns about Vassar's compliance with its document preservation obligations. Specifically, Plaintiffs informed Vassar that they had become aware that Vassar very belatedly issued a litigation hold notice and document collection request concerning this matter to relevant custodians on **March 20, 2026**. This timing is alarming because Vassar and its counsel were expressly aware of Plaintiffs' legal claims (and that this action was reasonably foreseeable) by May 2021, that the case was filed in August 2023, and the parties have been in active discovery for over a year. Plaintiffs requested that Vassar confirm, by no later than March 27, 2026, the date on which a litigation hold was first issued, the individuals to whom it was directed, and the specific steps Vassar has taken to preserve and collect potentially relevant documents and data, including electronically stored information, from the parties' agreed custodians. Vassar responded to Plaintiffs on April 9, 2026 and the parties met and conferred later that day, at which time Plaintiffs reiterated their serious concerns regarding the potential loss or destruction of relevant evidence and demanded that Vassar disclose when litigation hold notices were sent and to whom they were directed so that Plaintiffs can assess the extent to which spoliation has occurred. While no formal dispute has arisen at this time, Plaintiffs anticipate seeking the Court's guidance regarding limiting sanctions.

Vassar's Position

Vassar issued a Reminder Litigation Hold Notice and Electronic Document Questionnaire concerning this matter to relevant custodians on March 20, 2026. In response to Plaintiffs' March 23, 2026 correspondence, Vassar provided initial responses on April 6 and April 9, 2026, confirming that Vassar's preservation efforts included the distribution of a written legal hold notice to an initial set of custodians in August 2021, adding additional custodians' accounts to legal hold

beginning in December 2023, and continuing to include additional custodians on legal hold pursuant to the parties' extended negotiations for more than a year. Vassar further explained that its efforts have resulted in the collection and processing of over 8.3 million documents to date. At the parties' meet and confer on April 9, Vassar expressed concerns about providing Plaintiffs with the information they seek given attorney-client privilege concerns. Vassar is nevertheless in the process of gathering additional non-privileged information to respond to Plaintiffs' inquiries. Given the parties' ongoing discussions, and the fact that no formal dispute has yet arisen (as acknowledged in Plaintiffs position above), Vassar believes it is premature and inappropriate to detail this issue in this joint status letter.

### Depositions

With respect to depositions, deposition dates have been adjusted based on the production timeline.  While exact deposition dates are being finalized, the parties anticipate that Plaintiffs' noticed Rule 30(b)(6) depositions will proceed in late May or early June and Plaintiffs' three noticed fact witness depositions will be scheduled after the ESI substantial completion deadline – in July or August 2026.

Respectfully submitted,

| | |
|---|---|
| SEYFARTH SHAW LLP | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| */s/ Maria Papasevastos*<br>Maria Papasevastos | */s/ Jessica A. Moldovan*<br>Jessica A. Moldovan |
| *Counsel for Defendant Vassar College* | *Counsel for Plaintiffs and Proposed Class* |